DICKENSON VS. THE CHAMBER OF COMMERCE OF THE CITY OF MILWAUKEE.

*Corporation : Power to expel members — By-Laws : validity and construction.*

1. A corporation may suspend or expel a member for a breach of his corporate duty, such as a violation of any reasonable rule or even by-law of the corporation, though its charter grants the power of suspension or expulsion only in *general* terms, or does not *expressly* grant such power at all.

2. The charter of the defendant empowers it to suspend or expel members as it may see fit, in the manner to be prescribed by the rules and by-laws. *Held*, that a by-law providing for the suspension or expulsion of a member for non-compliance with the terms of any contract, whether verbal or written, is reasonable and valid and may be enforced, even though the contract violated may be void by the Statute of Frauds.

3. The by-law under which proceedings were had against the plaintiff in this case, applies to all the business conduct and relations of the members of the association with each other at least, and to all contracts between them, whether made during the session of change of the Chamber of Commerce, or upon its floor or not.

APPEAL from the Circuit Court for *Milwaukee* County.

Action to enjoin the Chamber of Commerce of the city of Milwaukee, from expelling the plaintiff from that association, or from suspending him or otherwise interfering with his privileges as a member.

An injunction having been granted upon the facts alleged in the complaint, the defendant applied upon order to show cause for a dissolution thereof, basing his motion upon the complaint and answer, the charter and by-laws of the association, and documents and affidavits showing its action with reference to the plaintiff. The material allegations of the pleadings sufficiently appear in the opinion of the court.

The by-law under which proceedings were taken against the plaintiff provides that " it shall be the duty of the board of directors to examine charges of misconduct in business matters, preferred against any member of the association, when made to the

Dickenson vs. The Chamber of Commerce of the City of Milwaukee.

president or secretary in writing by a member of the association, and if the party charged shall be found guilty of a violation of the rules, of failing to comply promptly with the terms of any contract either verbal or written, of making false or fictitious reports of sales or purchases, or of any other act contrary to the spirit which should govern all commercial transactions, they shall report the same to the association, either at the regular annual meeting or at a meeting called for that purpose; and the member shall be suspended or expelled if so determined by a majority of the members present and voting, the number not being less than one hundred." And also that "no member shall be suspended or expelled without having an opportunity of being heard in his own defense, and any member having been expelled shall be ineligible to membership until the association see proper to remove his disability."

The court denied the motion to dissolve the injunction, and the defendant appealed.

*Emmons & Hamilton*, for appellant, claimed that the equities of the complaint being denied by the answer, the injunction should be dissolved, citing 3 Daniel's Chan. Prac., 2d am. ed., 1898, and cases in note 1; *Smith v. City of Appleton*, 19 Wis., 468. They also claimed that the by-law under which the plaintiff was about to be expelled, applies to all business transactions between members, wherever occurring, citing *The People ex rel Thatcher v. The New York Commercial Association*, 18 Abb. Pr. R., 271; *The People ex rel Page v. The Board of Trade of Chicago*, 45 Ill., 112.

As to the legality of a verbal contract which cannot be enforced because within the statute of frauds, and the power to suspend or expel for violation thereof, they cited *Barrows v. Mass. Medical Society*, 12 Cush., 402; *Taylor v. Hutton*, 18 Abb. Pr. R., 16; *Jones v. Jones*, 6 Mees. and W., 84; *Fitch v. Jones*, 32 Eng. Law and Eq., 134; *Abell v. Douglass*, 4 Denio., 305; *Fowler v. Shearer*, 7 Mass., 14.

*Jenkins & Elliott*, for respondent.

Dickenson vs. The Chamber of Commerce of the City of Milwaukee.

COLE, J. The injunction in this case should have been dissolved. The bill is filed by the plaintiff for the purpose of enjoining the defendant corporation, its officers, members and agents from interfering with his rights and privileges as a member of the corporation, and from suspending or expelling him from the privileges thereof. It is alleged in the complaint that it is the design and intention of the corporation and its members to suspend the plaintiff from the corporation and the immunities and privileges thereof, and to debar him from its benefits and advantages because of his failure to keep and perform two verbal contracts for the sale of wheat, which was to be delivered when called for by the vendees within three months after the sale, each of which contracts was for the sale of property for the price of fifty dollars and more, no part of such wheat being delivered at the time of sale and no part of the purchase money being paid. These contracts were made with Bryden and Harwood, who were members of the corporation, and it is further averred that these contracts were not, nor was either of them made, during any session of change of said Chamber of Commerce, nor were they, nor either of them in any way related to or connected with the affairs or business of the corporation, nor were they, nor either of them made upon the floor of the chamber of said corporation, but were each of them made after hours of change and in the office of said Bryden and Harwood, and that each was a mere private matter and bargain between the plaintiff and said Bryden and Harwood. A by-law of the corporation is made a part of the complaint which relates to the suspension and expulsion of members for misconduct in business affairs, and which, among other things, makes it a ground for expulsion when a member is found guilty of a failure to comply promptly with the terms of any contract, either verbal or written. The corporation had proceeded under this by-law, and was about to suspend the plaintiff on the ground that he had failed to perform the verbal contracts mentioned in the complaint, when an injunction was granted.

The answer of the defendant gives a somewhat different account of the nature of the contract which the plaintiff refused to perform. It states that Bryden and Harwood loaned the plaintiff the amount of wheat specified, which was to be returned when called for, that the transaction was like in character to those of daily occurrence between members of the corporation who are *bona fide* dealers in wheat, and that it is an essential condition of such a contract of lending and borrowing that the borrower has the right on call to return the wheat borrowed in kind, irrespective of the market price it might bear when called for. The answer further shows that the proceedings against the plaintiff have been conformably to its charter, rules and by-laws, which are relied upon to sustain the action taken or about to be taken by the defendant. And it seems to us that such charter, rules and by-laws contain ample authority, upon the facts disclosed in the complaint, answer and affidavits, for suspending or expelling a member who has been found guilty of a refusal to perform a verbal contract, even though that contract was void by the statute of frauds.

The act of incorporation gives the defendant full authority to establish such rules and regulations for the management of its business and the mode in which it shall be transacted as it may deem proper. Section 4, chap. 158, P. & L. Laws, 1868. It also confers upon the corporation express power to admit and to suspend or expel members as it may see fit, in the manner to be prescribed by the rules and by-laws. Section 6. "When a corporation is duly organized it has power to make by-laws and expel members, though the charter is silent upon the subject. If the power is expressly granted in general terms, it is conferred to enable the corporation to accomplish the objects of its creation, and is *limited to such objects or purposes.* It appears to be well settled, that when the charter of a corporation is silent upon the subject of expulsion, or grants the power in general terms, there are but three legal causes of disfranchisement: 1. Offenses of an infamous character indictable

at common law. 2. Offenses against the corporator's duty to the corporation, as a member of it. 3. Offenses compounded of the two." Downer, J., in the *State ex rel. Graham vs. The Chamber of Commerce of the City of Milwaukee*, 20 Wis., 63, 71. It is claimed on the part of the defendant, that the answer and accompanying affidavits show that the plaintiff has been found guilty of a violation of his duty as a member of the corporation, and therefore was justly liable to expulsion. The by-law referred to, and made a part of the complaint, it is insisted is a perfectly reasonable and proper regulation to control the conduct of the members in business matters, and is well calculated to promote the objects for which such organizations as the Chamber of Commerce are created to accomplish. One of the principal objects of the corporation undoubtedly is "to establish a high moral standard in conducting business transactions, and to exercise somewhat of a control over those who belonged to it in their trade with each other, and with strangers. It reaches a little beyond the precise legal rights of its members in their business conduct, subjecting them to a supervisory care, so far as fair dealing is concerned, to which they would not be ordinarily amenable in any tribunal known to the land."

The above remarks, taken from the opinion of the court in the case of *People ex rel. Thatcher v. The New York Commercial Association*, 18 Abb. P. R., 271–279, are so eminently correct, when applied to the defendant corporation, and the purposes for which it was incorporated, that we cannot do better than cite them on the questions under consideration. As it appears to us they contain all that need be said to indicate the reasonableness of the by-law, and the right of the corporation to adopt and enforce it in the business transactions of its members. See also *The People v. Chicago Board of Trade*, 40 Ill., 112.

The circuit judge, in the opinion which he delivered on the motion to dissolve the injunction, seemed to think the decision in *Hooker v. Kreab*, (unreported,) was decisive of this case, and

Dickenson vs. The Chamber of Commerce of the City of Milwaukee.

sustained the injunction which had been granted. This is a misapprehension of the doctrine of that case. There, an action was brought upon a promissory note, the consideration of which was a void agreement under the statute of frauds. And the court held that a purely void contract did not constitute a sufficient consideration for the note sued on. But the court did not then intimate, nor do we now suppose there was anything illegal or immoral in a parol contract for the sale of a thousand bushels of wheat to be delivered in the future, where no part of the consideration was paid, and no part of the wheat was 'delivered when the contract was made. On the contrary, we well knew there were men who had such a nice sense of moral obligation, and who, in their business transactions, were governed by such high and honorable principles, that they would faithfully perform such a contract even though it could not be enforced against them by an action at law, and that they were universally commended for so doing. We certainly know of no rule of law or principle of social ethics, which requires the courts to denounce such strict mercantile honor and integrity as something wrong, and which should not be sanctioned in any manner.

And, if it was one of the objects of the association "to personate just and equitable principles in trade," it is apparent that end would be best attained by raising the standard of morality among its members, in requiring them to perform all their business engagements, whether legally binding upon them or not. Consequently, we can see no valid objection to the by-law which provides that, if a member shall be found guilty of a failure to comply promptly with the terms of any contract, either verbal or written, it should constitute a good ground for the suspension or expulsion of such member from the privileges and benefits of the corporation. There is surely nothing unreasonable or unjust; nothing illegal or wrong in such a by-law. Nor do we think there is any ground for saying that this by-law only had reference to such contracts as were made during a ses-

sion of 'Change of the Chamber of Commerce, and made upon the floor of the chamber of the corporation. It applied to all his business conduct and relations with the members of the association at least. And the plaintiff, after having voluntarily connected himself with the association, is bound to observe the rules and regulations adopted by it to secure the objects of its creation. The cases referred to on the brief of the counsel for the defendant, particularly the one in 18 Abb. and the one in 40 Ill., before cited, contain so full and satisfactory discussions of the law bearing upon the questions before us, that we feel relieved from the necessity of any further remark.

*By the Court.*—The order of the circuit court, refusing to dissolve the injunction is reversed, and the cause remanded for further proceedings.