SAMUEL W. LEWIS, Appellant, *v*. CHARLES G. WILSON, as President, etc., Respondent.

The members of a voluntary unincorporated association may agree that no asociate shall remain a member and enjoy its privileges if he refuse to comply with its rules.

Plaintiff was a member of the C. S. & P. Exchange. By its constitution, power is vested in its board of directors to try all offenses against its laws and all charges against members, and a member accused of breach of contract may be summoned before the complaint committee. A failure to pay any amount found due by its decision, within a time specified, subjects the party to suspension. Upon complaint against plaintiff by another member for violation of contract, after notice and opportunity to be heard and after an examination of the charge by the said committee, the complaint was sustained. Plaintiff refused to appear before the committee, except to deny its jurisdiction; upon failure to pay the sum adjudged, he was suspended from membership. In an action to compel his reinstatement, plaintiff claimed that the alleged contract was a gambling contract, and so, that its violation was not a "breach of contract," and did not render him amenable to suspension under the rules. The contract claimed to have been broken was in writing and valid on its face. *Held*, that whether the contract was valid or void was irrelevant; that plaintiff could not insist upon remaining a member of said exchange and at the same time repudiate its conditions of membership and refuse to comply with its rules; that all he could require was that the investigation shall be conducted *bona fide*, on notice to him and opportunity to be heard, and that the decision should be within the scope of the jurisdiction conferred on the committee; and that, therefore, the action was not maintainable.

Reported below, 50 Hun, 166.

(Argued April 25, 1890; decided April 29, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made May 28, 1888, which affirmed a judgment in favor of defendant entered upon a decision of the court on trial at Special Term.

This was an action by plaintiff, who had been suspended from membership in the Consolidated Stock and Petroleum Exchange of New York, to compel his reinstatement as a member. The constitution of the association contains these provisions:

"Article 4, sec. 1. All powers necessary for the government and management of the association and its concerns shall be

vested in the board of directors. They shall have power to
try, on presentation, all offenses under or against the laws of
the association, and all charges against members, and their
decision shall be final.

"Article 6, sec. 9. Any member of this association who shall
be accused of ungentlemanly conduct on the floor or within the
rooms of the Exchange, or of a violation of any of the by-laws
or rules of the association, or other misconduct, or a breach of
contract, shall, upon complaint, be summoned before the com-
plaint committee, who shall hear and investigate the case.

"In the matter of a breach of contract, if the committee
shall render a decision establishing a money difference between
the parties, it shall, upon notice to the party or parties against
whom the decision is rendered, stand as a claim against him, and
shall be paid within forty-eight hours, or taken on appeal to the
arbitration committee. A failure to pay or appeal within the
time specified shall subject the party in default to suspension."

The further material facts are stated in the opinion.

*Albert Allen Abbott* for appellant. The transactions
between Banks and the plaintiff were illegal and void. (3 R.
S. [7th ed.] 1962, § 8; *Yerkes* v. *Salomon*, 11 Hun, 471;
*Bigelow* v. *Benedict*, 70 N. Y. 206; *Kiley* v. *W. U. T. Co.*,
39 Hun, 158; *Kingsbury* v. *Kirwin*, 77 N. Y. 612; *Cassard*
v. *Hinman*, 1 Bosw. 210; *Ball* v. *Davis*, 1 N. Y. S. R. 517;
*Irwan* v. *Williar*, 110 U. S. 511; *Gregory* v. *Wendell*, 39
Mich. 337; 33 Am. Rep. 390; *Rumsey* v. *Berry*, 65 Me.
574; *Kirkpatrick* v. *Bonsall*, 72 Penn. St. 155; *Grizewood*
v. *Blane*, 11 C. B. 526; 73 E. C. L. 526; *Flagg* v. *Baldwin*,
38 N. J. Eq. 219.) The constitution, by-laws, rules or pro-
ceedings of a voluntary unincorporated association cannot be
upheld when they contravene public policy or are opposed to
the general law, or are prohibited by statute. (*Hutchinson* v.
*Lawrence*, 67 How. Pr. 39; *State* v. *Williams*, 75 N. C. 134;
*Pulford* v. *Fire Dept.*, 31 Mich. 458; *Philips* v. *Wickham*,
1 Paige, 590.) The power of suspension for a breach of con-
tract does not include the right to suspend for the breach of

a contract in itself unlawful. (20 Am. L. Reg. 217.) If by subscribing to the constitution and by-laws of the Exchange, it can be said that the plaintiff agreed to submit such a dispute as is here involved to the arbitration of a committee of the Exchange, such agreement has no greater or other force than any other agreement for arbitration, and being controlled by the general statutes of the state, may be revoked by either party before proofs are closed, and the plaintiff did revoke it by letter. (Code Civ. Pro. § 2383; *Heath* v. *P. G. Exch.*, 7 Abb. [N. S.] 251; *Austin* v. *Searing*, 16 N. Y. 112.)

*W. J. Curtis* for respondent. The complaint committee had jurisdiction of the charge against the plaintiff. (*Innes* v. *Wylie*, 1 C. & K. 262; *Fisher* v. *Keane*, L. R. [11 Ch. Div.] 353; *Dawkens* v. *Antrobus*, L. R. [17 id.] 615; *Lambert* v. *Addison*, 46 L. T. Rep. 20; *White* v. *Brownell*, 2 Daly, 329.) The complaint having been investigated by a committee of competent jurisdiction, and that committee, after a full and fair hearing, with notice to plaintiff, and a full opportunity to be heard on his own behalf and to cross-examine the complainant's witnesses, having rendered their decision and no appeal having been taken therefrom, their decision is final, and will not be reviewed by the courts or set aside except for fraud; and no fraud is charged. (*Lambert* v. *Addison*, 46 L.T. Rep. 20; *Olney* v. *Brown*, 51 How. Pr. 92.) The question of the alleged illegality of plaintiff's contracts is immaterial. (*Harris* v. *Trowbridge*, 83 N. Y. 83.) The plaintiff's contracts are not within the statute against betting and gaming and are not void. (*Story* v. *Salomon*, 71 N. Y. 420; *Bigelow* v. *Benedict*, 70 id. 204.)

ANDREWS, J. There can be no doubt that this case has been correctly decided.

The plaintiff seeks the aid of the court to reinstate him as a member of the Consolidated Stock and Petroleum Exchange, a voluntary unincorporated association, notwithstanding he has been suspended from membership therein, in strict conformity with the constitution of the Exchange to which he assented on becoming a member. A complaint was made

against him by another member for violation of contract, and after notice and opportunity to be heard in respect to the charge, and after an examination of the charge by the complaint committee, the tribunal which by the constitution of the Exchange, had jurisdiction to hear and decide complaints against members, the complaint was sustained, and on failure to pay the sum adjudged, he was suspended from his membership.

The principal ground on which the plaintiff invokes the equitable power of the court, is that the alleged contract, for the breach of which he was suspended, was a gambling contract and that its violation was not a "breach of contract," and, therefore, did not render him amenable to suspension under the rules. This might have been urged by the plaintiff before the committee in answer to the charge. But he refused to appear before the committee except for the purpose of denying its jurisdiction. The committee proceeded to examine the complaint. The contract claimed to have been broken was in writing and was valid on its face. Its vice, if any, grew out of an undisclosed intent of the parties. The committee sustained the complaint and suspension followed as a necessary result, unless the plaintiff paid the claim adjudged within forty-eight hours or took an appeal to the arbitration committee. He did neither, but comes into court to have the court adjudge him to be still a member of the association, although he has refused to be bound by the conditions to which he assented, upon which retention of membership was to depend.

Whether the contract to which the complaint before the committee related, was valid or void, is we think wholly irrelevant to the present inquiry. The plaintiff cannot insist upon remaining a member of the association, while at the same time repudiating the conditions of membership. The Exchange cannot enforce the contract, whether valid or void, and the decision of the complaint committee will not prelude the plaintiff from defending against it in a court of law. But the members of the association may, if they so agree, say that no associate shall remain a member and enjoy the privi-

leges of the association, if he refuses to comply with its rules. It may be true that the committee, if the facts had been presented and proved as they are claimed by the plaintiff, would nevertheless have regarded the gambling element as no excuse to the plaintiff for not performing his contract. But whether the committee should decide rightly or wrongly does not change the attitude of the plaintiff as a member of the association, or qualify his obligation to submit to the decision of the agreed tribunal under pain of suspension. All that he could require was that the investigation should be conducted *bona fide*, upon notice to him and an opportunity to be heard, and that the decision made should be within the scope of the jurisdiction conferred on the committee. (*Bigelow* v. *Benedict*, 70 N. Y. 204; *White* v. *Brownell*, 2 Daly, 329; *Lambert* v. *Addison*, 46 L. T. Rep. 20; *Dawkins* v. *Antrobus*, L. R. [17 Ch. Div.] 615.)

There is an intimation in the argument of the plaintiff's counsel that the Exchange was organized as a cover for illegal trading. If this was the truth, the plaintiff is in the plight of asking the court to exert its equitable powers to reinstate him as a member of this illegal body.

The judgment should be affirmed.

All concur.

Judgment affirmed. _____