F. A. FARMER, Appellant, v. BOARD OF TRADE of Kansas City, Missouri, Respondent.

Kansas City Court of Appeals, February 6, 1899.

| 78 | 557 |
| 88 | 166 |
| 78 | 557 |
| 91 | 83 |

1. **Voluntary Associations**: BOARD OF TRADE: AUTHORITY OVER MEMBER.  A voluntary association, like a board of trade, can not transcend the limits of natural justice or public policy of the state or violate its own rules or deal capriciously with its members by fraudulent devises and pretenses.

2. ———: ———: ———.  A member of a voluntary association may have his conduct reviewed by the association and bind himself to abide by such decision when given *bona fide* under the rules of the organization.

3. ———: ———: ———: FRAUDULENT DESIGN.  A board of trade, if provided by its rules, has authority to try a member on a charge of a concealed design in an alleged cash transaction to force the other party thereto to accept a note as a set-off, and so in regard to a charge of circulating false reports about officers, etc., of the association.

4. ———: ———: REASONABLENESS OF RULES: POWER OF COURT.  A board of trade may prescribe what acts of members shall be misconduct and the reasonableness of such action can be examined by the courts, and the association may enforce the penalty for violation of such requirements though the courts could not enforce a compliance with such regulations but would follow the law.

Farmer v. Board of Trade.

5. ———: ———: INJUNCTION TO RESTRAIN EXPULSION: NATURE OF COMPLAINT BEFORE BOARD: VARIANCE. A bill for an injunction alleged that a board of trade was about to expel the plaintiff for not paying to its secretary certain moneys. The complaint pending before the board alleged him to be guilty of a violation of its constitution, and an amendment of such complaint specified in what his guilt consisted. Held, the allegations in the bill were not sustained by the evidence.

*Appeal from the Jackson Circuit Court.*—HON. E. P. GATES, Judge.

AFFIRMED.

C. O. TICHENOR for appellant.

(1) To simplify matters and to get at the real points in this case, we are willing to concede: First, that these associations, whether incorporated or not, can so draw their articles of association or by-laws as to have boards or committees with limited judicial powers, so as to pass upon the misconduct of members, providing they do so fairly, in accordance with rules of the association which are not invalid because contrary either to public policy, provisions of law, or natural justice; and, second, that when they so act, courts will not sit either to review or correct their judicial action. (2) On the other hand, we contend that these tribunals are not above all law; that they can not violate the principles of justice, or the laws of the land. Dawkins v. Antrobus, L. R. 17 Ch. Div. 630; Fisher v. Keane, L. R. 11 Ch. Div. 362; Labouchere v. Earl of Warncliffe, L. R. 13 Ch. Div. 346, Sperry's Appeal, 116 Pa. 391; People ex rel. v. M. M. P. Union, 118 N. Y. 100; Wachtel v. Benev. Soc., 84 N. Y. 28; Cotton Exchange v. State ex rel., 54 Ga. 668; Otto r. T. & C. Union, 75 Cal. 314; Connelly v. Masonic, etc., Ass'n, 58 Conn. 552; Bacon on Benefit Soc., sec. 57; Beach on Priv. Corp., sec. 87; Huston v. Ruetlinger, 91 Ky. 333; Medical

Soc. v. Weatherly, 75 Ala. 252; 38 Ga. 626; State v. Williams, 75 N. C. 135; Austin v. Searing, 16 N. Y. 124; People v. Med. Soc., 32 N. Y. 196; Burlington Voluntary Relief, etc., v. White, 41 Neb. 547; 2 High on Injunctions, sec. 1330; Zabriskie v. Railroad, 18 N. J. Eq. 183; Albers v. Merchants' Exchange, 39 Mo. App. 587; Hoeffner v. Grand Lodge, etc., 41 Mo. App. 359; Glardon v. Sup. Lodge, etc., 50 Mo. App. 55; Lysaght v. St. Louis, etc., Ass'n, 55 Mo. App. 547; Ludowiski v. Benev. Society, 29 Mo. App. 336; Mulroy v. Supreme Lodge, etc., 28 Mo. App. 463; Lawson v. Hewell, 118 Cal. 618; Vaughn v. Hernder, 91 Tenn. 68; Live Stock Co. v. Live Stock Exchange, 143 Ill. 210; Board of Trade v. Nelson, 162 Ill. 438; Croak v. High Court, etc., 162 Ill. 298; In re Haebler v. N. Y. P. Exchange, 149 N. Y. 421; White v. Brownell, 2 Daly, 358; Belton v. Hatch, 109 N. Y. 595; Lonbat v. Le Roy, 40 Hun. 549; People ex rel. v. M. M. P. Union, 118 N. Y. 108; Lewis v. Wilson, 121 N. Y. 284; Karcher v. Sup. Lodge, etc., 137 Mass. 371; Tompkins v. Saffery, L. R., App. Cases, 213; Albers v. Merchants' Exchange, 138 Mo. 165; Ellerbe v. Faust, 119 Mo. 653.

EDWARD C. WRIGHT and FRANK HAGERMAN for respondents.

(1)   The nature of an organization like the board of trade.   Tompkins v. Saffery, L. R., 3 App. Cas. 213, 228; The Law and Customs of The Stock Exchange, by Melsheimer and Gardner [3 Ed.], London, 1891, pp. 98, 102; Clark v. Foss, 7 Biss. 547, 555; White v. Brownell, 2 Daly, 329, 358, 336, 355, 356; Leech v. Harris, 2 Brewst. (Pa.) 571, 575, 576; In re Haebler, 149 N. Y. 414, 428; Com. Co. v. Live Stock Exchange, 143 Ill. 210, 226; Dos Passon on Stock Exchange, 15; 23 Am. and Eng. Ency. of Law, pp. 749, 750, 751; Seymour v. Bridge, 14 Q. B. Div. 460, 465;

Belton v. Hatch, 109 N. Y. 593-598; Tel. Co. v. Smith, 47 Hun. 494, 505; Board of Trade v. Nelson, 162 Ill. 431, 438; People v. Commercial Ass'n, 18 Abb. Pr. 271 279, 280; Vaughan v. Herndon, 91 Tenn. 64; People v. Board of Trade, 80 Ill. 134, 136; Grain and Stock Exchange v. Board of Trade, 15 Fed. Rep. 847. (2) There is a vast difference between the rights of a member of a voluntary, unincorporated institution, and those of a shareholder of a corporation. 1 Thompson on Corp., sec. 846; Bacon on Ben. Soc., sec. 89; Niblack on Ben. Soc., secs. 22, 23, 30, 73, 74, 75; Kehnenbeck v. Logeman, 10 Daly, 447; Ellerbe v. Faust, 119 Mo. 653; Lewis v. Wilson, 121 N. Y. 285; State v. Merchants' Exchange, 2 Mo. App. 96; State v. O. F. Grand Lodge, 8 Mo. App. 148, 154; People v. Board of Trade, 80 Ill. 136; Albers v. Merchants' Exchange, 138 Mo. 140; Borgraefe v. Supreme Lodge, 22 Mo. App. 127, 142; Warren v. Merchants' Exchange, 52 Mo. App. 157, 167, 168; Levy v. Magnolia Lodge, 42 Pac. Rep. 887; Greer, Mills & Co. v. Stoller, 77 Fed. Rep. 1. (3) While there may be provisions that will be condemned as by-laws, yet, where the provision is part of the original contract, the rule as to the reasonableness or unreasonableness as a by-law cuts no figure. Niblack on Ben. Soc., sec. 23; Bacon on Ben. Soc., sec. 87; Smiths' Society v. Vandyke, 2 Wharton, 309, 312; Levy v. Magnolia Lodge, 42 Pac. Rep. (Cal.) 887; Albers v. Merchants' Exchange, 138 Mo. 140. (4) There is no power to expel, under section 1, article IX of the constitution, any member who refuses to promptly and faithfully fulfill his business obligations, and who refuses to equitably and satisfactorily adjust and settle the same. Dickinson v. Chamber of Commerce, 29 Wis. 45; People v. Board of Trade, 45 Ill. 112, 113. (5) The board of directors may try and expel Farmer for a failure to arbitrate upon this proposition. White v. Brownell, 2 Daly, 329, 358; Lewis v. Wilson, 121 N. Y. 284, and Payne v. Crawford, 10 So. Rep. 911;

Greer, Mills & Co. v. Stoller, 77 Fed. Rep. 1. (6) There is a right to try Farmer for violation of section 2, article 9, of the constitution, for dishonest and fraudulent practices in his dealings with other members, and for making false reports as to the association and its appointees. Albers v. Merchants' Exchange, 138 Mo. 140; Lawson v. Hewel, 50 Pac. Rep. 763, 764, 766; Niblack, Ben. Soc., sec. 75; People v. Board of Trade, 80 Ill. 134; Baxter v. Board of Trade, 83 Ill. 146; Sturgis v. Board of Trade, 86 Ill. 441; Pitcher v. Board of Trade, 121 Ill. 412; Board of Trade v. Nelson, 162 Ill. 431; Greene v. Board of Trade, 63 Ill. App. 446; In re Haebler v. Produce Exchange, 149 N. Y. 414; Osceola Tribe v. Schmidt, 57 Md. 98, 106; Gregg v. Medical Society, 111 Mass. 185, 193.

ELLISON, J.—Plaintiff is a member of the board of trade of Kansas City, Missouri, an unincorporated voluntary association. One of the defendants is the Board of Trade and the other defendants are the directors thereof. The object of plaintiff's petition is to restrain the defendants from suspending or expelling him from his membership, on charges preferred by Perine Brothers, as he alleges they are about to do. A temporary restraining order was issued by the circuit court which was afterwards dissolved and plaintiff has brought the case here.

The association is governed by a constitution and rules thereunder. The constitution is contractual in form, being signed by the members and is, in effect, a contract between them to act and conduct themselves under its STATEMENT. provisions. It provided, among many other things, for the prompt and equitable settlement of claims; for the arbitration of disputes; for the suppression of boisterous or indecorous conduct; against extortion, deception or false and fraudulent practices in business dealings; against false or slanderous reports relative to the

VOL. 78 app—36

business affairs of other members, or relative to the committees or officers of the association; against the bringing of suits on account of any act of the officers or committeemen of the association; and providing that if the member did so he should be taken to have thereby resigned his membership.

It appears that Perine Brothers were also members of the board of trade and that they sold to plaintiff a lot of wheat amounting in price to the sum of $2,172.41. It further appears that plaintiff held a note for $1,000 and interest, dated December 15, 1888, given by one Chas. H. Comstock to Perine & Hall and by them indorsed in blank, protest waived, of which he claimed to be the innocent purchaser, for value, before due, which he claimed as a set-off to the purchase price of the wheat. Perine Brothers refused to allow it as a set-off, or to admit any liability thereon and claimed that the wheat deal was a cash transaction and so understood between the parties. In this state of the difficulty, Perine Brothers made complaint to the directory of the board affirming their claim against plaintiff on account of the sale of the wheat and demanded an arbitration as is provided by the constitution of the association on disputes between members. An arbitration was ordered by the board. Plaintiff was notified of this and answered that he admitted the claim for the wheat and that there was nothing to arbitrate, but that he claimed the set-off aforesaid. Whereupon the directory rescinded the order to arbitrate and passed a resolution requiring plaintiff within two days to pay to the secretary of the board for the use of Perine Brothers, the amount of the wheat deal aforesaid, and that the secretary should pay over said sum to Perine Brothers upon their executing a bond in such form, amount and security as was satisfactory to the president of the board, conditioned to refund to plaintiff, "so much of the sum so paid by it to the secretary, as may, in a suit in court to be begun by it on said bond on or before the twenty-fifth

day of February, 1898, be determined it had an offset to
by virtue of any claim held by it on the twenty-fifth day of
February, 1898, against Perine Brothers, which was not
connected with or did not arise from any matter referred to
in the constitution, rules and regulations of this association.
Such bond shall contain a provision that Perine Brothers,
by executing the same, do not admit that there is any liability
on their part to said commission company.

"If either party refuses, within the time fixed herein,
to comply with any provisions of this resolution, or refuses
to submit to arbitrate under the constitution, rules and reg-
ulations of this association, then, upon charges being preferred
of a violation of any provision of such constitution, rules or
regulations, the board shall hear and determine the same."

Plaintiff was notified of such action of the board and
having refused to comply with the resolution, Perine Brothers
made complaint against him as having violated section 1, rule
9, of the constitution of the association in relation to the
prompt settlement of claims and submission of disputes to
arbitration.    He was notified to appear before the directory
on February 15 to answer the charge.    Before the directory
acted plaintiff had obtained the temporary injunction herein.

Thereafter one of Perine Brothers made what is termed
an amended complaint against plaintiff, in which he set forth
with some degree of particularity his charges against plain-
tiff.    He charged, first, that plaintiff failed to pay the price
for the wheat.    Second, that he refused to submit any dis-
pute as to such demand, or an offset thereto, to arbitration.
Third, that he purchased the wheat leading the Perines to
believe it was a cash transaction, when he fraudulently had
the concealed purpose of using a disputed demand against
one of the members of the firm of Perine Brothers, as an
offset.    Fourth, that he had made and circulated false re-
ports against the officers, appointees and committees of the
association.    Fifth, that by instituting the injunction pro-

ceedings herein and prosecuting the same, he has, by virtue of article 22 of the constitution, resigned and surrendered his membership in the association. Plaintiff was likewise notified of this complaint and directed to appear before the board of directors for trial on March 1, 1898. The continuation of this cause in the circuit court and here on appeal, has prevented any further proceeding by the board of directors.

The contention of the directors is that the board of trade being a voluntary association of individuals bound together by rules and regulations which the members have adopted by subscribing their names thereto is an organization based on the contract of the parties, whereby they have each agreed to surrender many rights, legal and otherwise; that a violation of this agreement dissolves the connection of the offender with the association, and authorizes the directory, in the manner provided by the rules, to so declare; that a member is confined to the procedure named in the rules for a redress of any grievance and is altogether precluded from a resort to the courts of the country. The logical result of this contention, as elaborated in the brief and argument of counsel, is that such association is omnipotent.

This, we think, is going too far. The association, though voluntary, can not violate the law of the land. It can not transcend the limits of natural justice, or the public policy of the state. It can not violate its own rules, or the mutual contract of the parties and put an end to a member's membership merely at the caprice of the directory, or without notice to him, or by fraudulent devices and pretenses. This will be found to be the direct or implied concession of the authorities hereinafter cited as well as of Dawkins v. Antrobus, L. R. 17 Ch. Div. 615; Labouchere v. Earl of Warncliffe, L. R. 13 Ch. Div. 346; Sperry's Appeal, 116 Pa. St. 391; People v. Union, 118 N. Y. 101; Commonwealth v. Union League, 135 Pa. St. 325; Connelly

*VOLUNTARY associations: board of trade: authority over member.*

v. Masonic M. B. Ass'n, 58 Conn. 552; Houston v. Rentlinger, 91 Ky. 333; State v. Williams, 75 N. C. 134.

On the other hand, there is no doubt but that one becoming a member of such association may surrender many rights. He may agree that his conduct as a member may be reviewed by the association and that he will abide by the direction and decision given by the authority —: —:—. of the association taken *bona fide* under the rules of the organization. The proceedings of the association are judicial in their nature. They are sometimes designated as *quasi* judicial and there is no relief from the result of their determination when regularly had under the limitations above suggested: Authorities hereinafter referred to, and others to be found in the briefs of counsel for either party.

Having stated our views as to the law governing the defendants, it only remains to consider whether they ought to be restrained from proceeding with the trial or investigation of the charges preferred against plaintiff. Among the charges is one that plaintiff bought the wheat of Perine —: —: —: Brothers under the pretense that he was to pay fraudulent therefor in cash, when in fact he had the con-design. cealed design to force them to accept as set-off the note aforesaid of $1,090 which he held. We have no doubt of the authority of the association to try plaintiff on that charge and if he be found guilty thereof, to enforce such order or penalty as the constitution and rules of the association may justify. So of the charge that plaintiff made and circulated false reports against the officers, appointees and committees of the association. These charges relate to the discipline of the members and to the well being of the association. They are fully covered by the rules and regulations governing the association. And when plaintiff became a member he voluntarily submitted himself to such regulations. He can not complain of their enforcement. He can not use

the courts of the country as tribunals of appeal when he has agreed to abide by the decision of a tribunal of his own selection. He must accept the decision of that tribunal as final. If it is an offense to circulate false and defamatory statements about the association or its members; if it is an offense to deceive one with whom he deals and thereby lead him into the consummation of a transaction which he would not have made but for the deception, then the offending member must submit himself to the sentence of the tribunal provided for by the rules which he has signed and contracted to abide by. Pitcher v. Board of Trade, 121 Ill. 412; People v. Board of Trade, 80 Ill. 134; Board of Trade v. Nelson, 162 Ill. 431; Haebler v. Produce Exchange, 149 N. Y. 414; Osceola Tribe v. Schmidt, 57 Md. 98; Karchner v. Sup. Lodge, 137 Mass. 371. The case of Albers v. Merchants' Exchange, 138 Mo. 140, was not a case like this, yet its discussion involved matters analogous. It was there said that: "The board of directors of the exchange were by the charter, as amended, created a corporate tribunal to judge what constituted corporate misconduct, and it was within their jurisdiction to determine that certain acts of plaintiff constituted misconduct for which he might be suspended or expelled. In other words, when acting within the powers conferred by the charter, upon charges of misconduct by the member, they constitute a corporate court."

It being, as stated in that case, competent for the association to determine what acts of members shall be misconduct, it follows that the question of whether its rules in that respect are reasonable can not be examined by the courts. As has been stated, the courts have no visitorial power in that respect. Bacon on Benefit Societies, sec. 89; Niblack on Benefit Societies, secs. 73, 74, 75.

It is well known that parties can not by agreement to arbitrate future differences, oust the courts of jurisdiction.

But that principle of law does not affect our statement that the association may have a rule requiring all differences between members to be settled by arbitration and to impose expulsion as a penalty for disobedience of such rule. These associations not only provide for arbitration of future differences but they sometimes provide that a verbal agreement, invalid by the statute of frauds, shall be valid. They sometimes provide that a debt shall be a subsisting claim though it would not be under the stautute of limitations. If parties get into the courts of the country and one of them should set up such agreement against the other the court would not allow it any force, but would proceed to apply the law without regard to the agreement. But the association may nevertheless enforce, not the agreement to arbitrate, or to recognize a verbal contract, etc., *but the penalty for refusing*. For the refusal is a violation of its rules which the member has agreed to obey. Lewis v. Wilson, 121 N. Y. 284; Greer v. Stoller, 77 Fed. Rep. 1. It has been held, and it is urged here in support of the point under consideration, that while an agreement to arbitrate future differences will not be allowed effect in court, and the action proceed regardless of the agreement, yet the party breaking the agreement is liable to an action for damages. Livingston v. Balli, 5 El. & Bl. 132; Morse on Arbitration, 90, 91; 2 Parsons on Cont., 709.

We wish to notice in conclusion a question which has arisen out of the manner in which the complaint against plaintiff was made. As has been already stated, plaintiff was first directed to arbitrate his differences with the Perines, but on his protest and explanation the board rescinded such order and adopted a resolution which required him to pay Perine's claim to the secretary of the board, who in turn would pay it to Perines when they executed a bond satisfactory to the president, conditioned to refund plaintiff whatever sum might be due him on his set-off as

——: ——: injunction to restrain: expulsion: nature of complaint before board: variance.

ascertained by a suit on the bond. Plaintiff refused to comply with this order or resolution of the board, and thereupon Perine made the original complaint herein upon which plaintiff was ordered before the board. In that complaint plaintiff was charged with a violation of section 1 of rule 9 of the constitution of the association, and he was notified to appear before the board. It was at this point that plaintiff filed his petition for injunction restraining defendants from suspending or expelling him. The chief complaint in the petition is that defendants were about to suspend or expel plaintiff from membership for the reason that he had refused to pay the money on the wheat deal to the secretary and sue upon the bond as directed by the board. But the answer of these defendants set out the further facts which have been stated by us. It is true these were denied by the reply. The facts however are as have been stated. The complaint made by Perine, afterwards amended, did not charge plaintiff with a failure to comply with the order of the board as to paying the money to the secretary and suing upon the bond, etc. It complained that he was guilty of a violation of section 1 of rule 9, of the constitution. That section requires not only a submission to arbitration, but prompt and faithful compliance with all business obligations and an equitable and satisfactory adjustment of the same, as well as obedience to all rules and regulations of the association. The amended complaint was but an amplification of the original. It specified wherein plaintiff had not settled his business obligation and had not made an equitable and satisfactory settlement; and wherein he had not obeyed, but had violated, the rules of the association. So therefore we find that the allegation of the petition is not sustained in alleging that defendants were about to suspend or expel plaintiff for not paying to the secretary the amount of the wheat deal and in not suing on the bond. He was being proceeded against on the complaint of a violation of section 1 of rule 9 of the constitution. The

contest in the circuit court was on such complaint as amended and so we consider it here.

The judgment of the trial court, with the concurrence of the other judges, is affirmed.