C. P. EVANS v. CHAMBER OF COMMERCE OF MINNEAPOLIS.[1]

June 20, 1902.

Nos. 12,977—(157).

## Chamber of Commerce—Condition of Membership.

G. S. 1894, § 2982, under which defendant association was organized, conferred upon it the right to make membership therein conditional upon the submission of all business disputes arising between its members to arbitration.

## Adoption of By-Law.

Under its articles of incorporation the association was authorized and empowered to adopt, establish, and enforce the by-law in controversy in this action, which provided for arbitration between members.

## Same—Arbitration of Dispute between Members.

This by-law also provided for the suspension of a member if he should refuse to submit to arbitration a business dispute with another member after being duly notified, and after a hearing had before the board of directors, and, further, that, if the gravity of the offense was deemed such as to merit it, the member in fault might be expelled from the association. *Held*, that this by-law was not invalid on the ground that it contravened the constitution or the laws of the state, or was against public policy. It did not operate to oust the courts of the jurisdiction conferred upon them, and of which they cannot be deprived, to determine all disputes and differences which may arise between individuals.

## Conditions of Membership.

When membership in such an association and the rights pertaining thereto are conferred upon a person on his voluntary application for such membership, they are accompanied by, and there is annexed to the same, the condition that these rights can be taken away by the association and that the member can be expelled if he refuses to abide by the condition. Membership is acquired subject to the self-imposed condition that the member's title and the rights which accrue from such membership are regulated by and dependent upon the by-laws and regulations adopted by the association to make it effective, and expressly assented to by him when he joins.

## By-Laws.

Because such by-laws and rules give to the board of directors power

[1] Reported in 91 N. W. 8.

to discipline only when a member refuses to arbitrate as he has agreed to do in consideration of the rights and privileges of membership, and no attempt is made to deprive him of an opportunity to litigate his differences in the ordinary way, they are not unreasonable, coercive, violative of constitutional rights, or contrary to public policy.

## Transfer of Membership.

If it appeared in this case that the plaintiff was deprived, under another rule than the one here considered, of his right to transfer this membership, that fact cannot affect the validity of the rule in question. His remedy, if he has one, is by a proceeding to compel the board of directors to permit the transfer, and not by this proceeding to reinstate him to membership.

Action in the district court for Hennepin county to establish plaintiff's membership in defendant corporation, to recover damages for plaintiff's alleged wrongful expulsion therefrom, and to restrain defendants from refusing or denying to plaintiff the rights and privileges of membership therein. The case was tried before Simpson, J., who found in favor of defendant. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*Hahn, Belden & Hawley,* for appellant.

*Wilson & Van Derlip,* for respondent.

COLLINS, J.

The following correct statement of the facts herein was made by the court below: Plaintiff was a member of the Minneapolis Chamber of Commerce, defendant association, and still holds a membership in the same. While he was a member in good standing, a fellow member asserted a claim against him, growing out of board dealings between them, made under the customs and regulations of the association relating to the purchase and sale of wheat and other cereals for future delivery, and demanded that said claim be submitted to voluntary arbitration, in accordance with the by-laws and rules of the association. The plaintiff failed to submit the matter after notice duly given. Thereupon, such failure being properly brought to the attention of the board of directors, the plaintiff was expelled from the association. He brought this action to obtain a decree of this court that he is a member in good and regular standing of the defendant association

86 M.—29 .

and a judgment that it accord to him all the rights and privileges of membership therein.

Under the stipulated facts no question has been raised as to the regularity of the proceedings had by the defendant under its by-laws—hereinafter referred to as rules—which resulted in plaintiff's expulsion, and it is expressly agreed that the right and power of the association to expel him is the question at issue in the action. The rules of the defendant respecting arbitration between its members, by virtue of which plaintiff was expelled, asserted by him to be invalid, are in substance as follows: A board of arbitrators consisting of members is created, and the power and duty conferred to investigate and decide all disputes and differences between members of the association, of a financial or commercial character, which may be voluntarily submitted to it. If a member desires to submit a dispute or difference he is required to file a complaint with the secretary stating all the facts and particulars of the controversy and the name of the member with whom it has arisen. A copy of this complaint is served on the latter, and he is required to appear and answer within six business days after service of such copy. Failing so to do, he is deemed in default "and to have incurred the penalties of a refusal to join in submitting to arbitration." He may then be charged with failure to comply with the rules and an investigation may be ordered, which is had before the board of directors. If the charges shall be sustained upon a hearing, the member stands suspended from all the privileges of membership until, in the judgment of the board, the matter complained of shall have been satisfactorily settled. Should, however, the gravity of the offense be deemed such as to merit expulsion, the member in fault may be expelled from the association. It was under these rules that the plaintiff in this action was expelled, and his counsel contends that the statute under which the defendant was organized (G. S. 1894, § 2982) not only fails to authorize such rules, but, on the contrary, that they are in contravention of its plain implication and spirit.

1. This corporation derives its authority to act from the statute, and in no manner can it exceed this authority, but, inherently, it possesses the power to make all necessary rules and regulations

for its government and operation, although such power may not be expressly conferred in its charter, in the creating statute, or in any other statute. This, because inherent power is an incident to all corporations, and is independent of the conferred statutory right to adopt rules not opposed to the law under which they are organized. And by statute this corporation was expressly authorized, in addition to its ordinary powers, to appoint and constitute a committee or board of arbitration to which could be referred for settlement all business disputes and differences which might arise between members. The association itself was authorized to prescribe proper rules and regulations for the government of this board, which was clothed with quasi judicial powers for the discharge of its duties. But all submissions to it were to be voluntary and optional, not compulsory arbitrament. Provision was made for the filing of all awards of this board in the office of the clerk of the district court, and, upon application, orders of the court might be made confirming such awards, and judgments may be entered thereon. In fact these proceedings amount to arbitrations at common law. Clearly, under these statutory provisions, the association had the right to make membership conditional upon a submission to arbitration of business disputes arising between its members, and the rules in question went no farther than this.

2. It is further contended that under the articles of incorporation there was no power in the association to adopt, establish, or enforce the rules questioned here. Among the powers to be exercised, according to these articles, we find the following:

"The general business and purpose of this incorporation are to facilitate the buying and selling of all products; to inculcate principles of justice and equity in trade; to facilitate the speedy adjustment of business disputes; to acquire and disseminate valuable commercial information; and, generally, to secure to its members the benefits of co-operation in the furtherance of their legitimate business pursuits, and to advance the general prosperity and business interests of the city of Minneapolis."

The purpose of these rules was to provide for and to secure the prompt arbitration of all business disputes and differences arising

between members of the association. They have no other office, and were clearly within the power, expressly granted, to adopt rules which would "facilitate the speedy adjustment of business disputes." Rules providing for prompt arbitration must necessarily facilitate and promote the adjustment of differences which arise between members of an association such as this, where most of the trading and dealing is between persons belonging to it. The article above quoted expressly empowered the association to adopt the rules now in issue, and, as a consequence, to enforce them, if valid.

3. The next proposition is that the rules enforced in this case are invalid because they contravene the constitution and the law of the state and are against public policy. It is undoubtedly true that parties cannot control the course of justice or effectually oust the courts of the jurisdiction which has been conferred on them, by mutual agreement so to do. That an agreement to submit disputes to arbitration will be held invalid, in law and in equity, when the effect is to deprive the courts of jurisdiction to determine such disputes, is conceded. The principle on which this doctrine rests is that every citizen is entitled to resort to all the courts of the country and to invoke the protection which all the laws of all these courts may afford him. He cannot bind himself in advance to forfeit his right to this protection, at all times and on all occasions, whenever the case may be presented. The law, and not the contract, prescribes a remedy for all disputes, and parties have no more right to enter into stipulations against a resort to the courts for the remedy in a given case than they have to provide a remedy prohibited by law. The doctrine is summed up as follows: Where parties enter into an absolute agreement or covenant that, in case a dispute shall arise under a contract between them, all matters in difference relating thereto shall be submitted to arbitration which is final and conclusive, such stipulation is void on the grounds of public policy, because to give effect to it would be to oust or deprive the courts of their jurisdiction over parties and disputes. This cannot be permitted or allowed, for, if it were, the fundamental, as well as the statutory, law of the land would be disregarded, ignored, and set aside.

All the rules and by-laws of this corporation and all other corporations are subject to the doctrine that not one can be enforced in a court of law or equity which is in any way inconsistent with the constitution or the laws of the state, or of the United States, or which is contrary to public policy; so that at the final analysis the inquiry is: Are the rules in question, providing for the expulsion of members by the defendant association and on which the action complained of was based, contrary to the constitution or statutes of the state, or are they opposed to public policy? We are of the opinion that they are not.

When the plaintiff applied for admission to the association he pledged himself to carry out, as far as was within his power, its primary objects, and one of these was to facilitate the speedy adjustment of disputes between members. He also pledged himself to abide by the by-laws and rules of the association and all amendments thereto, and among them were the by-laws or rules providing for and regulating the voluntary submission of all differences of dispute to arbitration, and, further, if a member refused so to do, that he could be disciplined, there being provided, among other methods of discipline, the penalty of expulsion from membership. He expressly agreed that he would arbitrate business differences arising between him and his fellow members as a condition of retaining this membership. When the membership and the rights pertaining thereto were conferred upon him, on his voluntary application for such membership, they were accompanied by, and there was annexed to the same, the condition that these rights could be taken away by the association upon the happening of certain events, and that the applicant could be expelled if he refused to abide by this condition attached to the membership. This is nothing new or novel, for such conditions are annexed to membership in many societies or associations, social, fraternal, and religious. In these organizations, as well as in defendant association, membership subject to conditions is optional, not compulsory. All members became such voluntarily, stipulating to conform to the by-laws or to submit to expulsion, which is nothing but a self-inflicted exclusion from membership rights and privileges. As expressed in some of the cases, such a membership is "clogged with conditions."

The doctrine that these rules are valid and enforceable is upheld in many adjudicated cases, and but one or two can be found in opposition, none being recent.

In Greer, Mills & Co. v. Stoller (C. C.) 77 Fed. 1, 7, the court thus expressed itself concerning a like rule: "The complainant occupies in this controversy the anomalous attitude of claiming the privileges and benefits attaching to and ensuing from the association, while denouncing as illegal and inoperative that portion of the articles designed to make the combination effective and obligatory on the associates. It may be conceded that in respect of a certain character of contracts they may be good in part and bad in part, so that the court may enforce that which is valid and reject that which is vicious; but that is not this case. The rights of the complainant being bottomed on its having become a member of the association by subscribing to its articles and its body of by-laws, can it, under such a compact, ask a court of equity to restore it to fellowship while rejecting a part of the creed of the order? * * * Waiving any question of whether or not certain provisions of the articles of agreement and by-laws are contrary to public policy, the fact remains that, had the complainant declined, when it applied for admission to the association, to subscribe to and accept the articles and by-laws as a whole, it would not have been admitted to membership." In that case plaintiff, a corporation, had appealed to a court of equity to reinstate it after suspension of membership.

The same idea is expressed, in different language, in Belton v. Hatch, 109 N. Y. 593, 596, 17 N. E. 225: "Whatever are the rights acquired by a member and created by his admission to membership, the rules by which the membership is created or dissolved, and which control the affairs of the organization and the relations of members, entered into those rights when created and remained a part of them. In this proposition there is nothing against public policy, for the reason that whatever a member acquires is subject to the self-imposed condition that his title and the rights which accrue from his membership are regulated by and are dependent upon the laws adopted by the association, and expressly consented to by him when he joined. * * * When membership and the

rights belonging to that status were conferred upon him, the gift was accompanied by a condition that the rights of whatever nature should revert to the association upon the happening of certain events; and he cannot be heard to complain, nor can third persons claiming to derive under him." There the association, after suspension of a member, disposed of his membership and a seat therein for $25,000, and his assignee attempted to recover the amount, but was defeated.

Again, it was said in Haebler v. New York, 149 N. Y. 414, 44 N. E. 87, that: "The relator had a right to become a member of this corporation (New York Produce Exchange) and to agree to be governed by its charter and by-laws, and when he did so they expressed the contract by which he and every other member were bound, and which measured their rights, duties, and liabilities as members thereof. * * * A member of a corporation may so hedge himself in by agreement as to yield the protection which one seeks in the ordinary affairs of life, and enlarge the authority that may be used against him." This action was to restrain a hearing, under a complaint that a member had disregarded his membership agreement and was subject to expulsion.

These cases are in point, and we also cite People v. Board, 45 Ill. 112; Baxter v. Board, 83 Ill. 146; Dickenson v. Chamber of Commerce, 29 Wis. 45; Lewis v. Wilson, 121 N. Y. 284, 24 N. E. 474; Levy v. Magnolia, 110 Cal. 297, 42 Pac. 887; Van Poucke v. Netherland, 63 Mich. 378, 29 N. W. 863; Com. v. Union, 135 Pa. St. 301, 19 Atl. 1030; Vaughn v. Herndon, 91 Tenn. 64, 17 S. W. 793.

The error which prevails in a few cases, in which an opposite doctrine has been announced, lies in the fact that the broad distinction was not observed which exists between an attempt to enforce in the courts an absolute agreement to waive, disregard, and ignore the ordinary methods of settling disputes, and an effort to compel compliance with an agreement made between individuals, as a condition to becoming and remaining members of a voluntary association for business purposes, that they will settle their business differences in a prescribed way. See Lewis v. Wilson, supra

In Farmer v. Board, 78 Mo. App. 557, 566, a case directly in point, this distinction is referred to thus: "It is well known that parties cannot, by agreement to arbitrate future differences, oust the courts of jurisdiction; but that principle of law does not affect our statement that the association may have a rule requiring all differences between members to be settled by arbitration and to impose expulsion as a penalty for disobedience of such rule. These associations not only provide for arbitration of future differences, but they sometimes provide that a verbal agreement, invalid by the statute of frauds, shall be valid. They sometimes provide that a debt shall be a subsisting claim though it would not be under the statute of limitations. If parties get into the courts of the country, and one of them should set up such agreement against the other, the court would not allow it any force, but would proceed to apply the law without regard to the agreement; but the association may nevertheless enforce, not the agreement to arbitrate or to recognize a verbal contract, etc., but the penalty for refusing. For the refusal is a violation of its rules, which the member has agreed to obey." See also Brandenburger v. Jefferson, 88 Mo. App. 148. It is significant that neither of these cases was appealed to the supreme court, so far as we can discover. It is also significant that the earlier case of State v. Union, 2 Mo. App. 96, relied upon by plaintiff's counsel here, is not mentioned in either. It was cited in one of the briefs in the Farmer case, and therefore was not overlooked. It was simply ignored.

The conclusion to be deduced from the authorities quoted from and cited is that it is a general rule of law, applicable to such voluntary associations, that a member either must submit to its rules or surrender his membership. It is optional with him to retain his membership by complying with the by-laws or to surrender it and cease to be a member by refusing to comply. The interest of each member in the organization is subject to its constitution and the by-laws, which express and regulate the contract by which he has consented to be bound, and they are conclusive upon him in respect to the mode of transacting his business and of his right to continue to be a member. Because such by-laws and rules give to the board of directors power to discipline only when a

member refuses to arbitrate, as he has agreed to do in consideration of the rights and privileges of membership, and no attempt is made to deprive him of an opportunity to litigate his differences in the ordinary way, they are not unreasonable, coercive, violative of constitutional rights, or contrary to public policy.

The rules of the association in the enforcement of which plaintiff was expelled do not provide for compulsory arbitration, thus depriving him of the right to appeal to a court of law for an adjustment of the business differences which have arisen between himself and another member. There has been no attempt in these rules or in their observance, through proceedings resulting in plaintiff's expulsion, to enforce the liability of a member upon a contract or upon any other form of obligation. His day in court is still reserved to him.

Finally, with respect to plaintiff's contention that by the action of the association he has been deprived of a substantial property right, attention is called to Belton v. Hatch, supra, and also to the following expression of the views of the trial court, which clearly and properly disposes of the contention:

"Under the facts disclosed in this case it appears that the plaintiff is deprived, under another rule than the ones here considered, of his right to transfer this membership, but that rule cannot affect the validity of the rules in question in this case. If the rule forbidding a transfer of a membership while there are claims existing against the member undertaking to transfer it is a valid rule, then the property right of the plaintiff in his membership is affected to that extent, and he holds his property subject thereto. If, on the other hand, the rule is not valid, then the plaintiff's remedy is by a proceeding to compel the board of directors to permit the transfer, and not by this proceeding to reinstate him to membership."

Order affirmed.