## A. W. STRONG v. MINNEAPOLIS AUTOMOBILE TRADE ASSOCIATION.[1]

February 17, 1922.

No. 22,531.

**Corporation—validity of by-law.**

1. One whose membership in a corporation has been terminated cannot question the validity of a by-law authorizing the repayment of his membership fee on the ground that the by-law, in disregard of section 6526, G. S. 1913, permits a partial distribution of the property of the corporation prior to its dissolution.

**When member may be bound by unauthorized by-law.**

2. A by-law, though not expressly authorized by statute or the articles of incorporation, may operate as a contract between the corporation and its members so as to be binding on both. By surrendering his original certificate of membership and accepting one making his membership subject to the limitations contained in the by-laws, plaintiff made them part of his contract with defendant.

**Plaintiff bound by by-law.**

3. The by-law set out in the opinion was reasonable and applied to plaintiff.

**Expulsion of member.**

4. An association cannot expel a member without an opportunity to

[1]Reported in 186 N. W. 800.

be heard, particularly where his property rights will be affected by his expulsion. The rule holds good where cause for expulsion is conceded but expulsion is discretionary.

Action in the district court for Hennepin county to decree that plaintiff is a member in good standing in defendant association and to recover at least $2,500. The case was tried upon stipulated facts before Molyneaux, J., who made findings and ordered that upon payment of $500 to plaintiff by defendant, plaintiff's interest in the association be terminated. From an order denying his motion for a new trial, plaintiff appealed. Reversed.

*Fowler, Carlson, Furber & Johnson,* for appellant.

*G. A. Will,* for respondent.

LEES, C.

Defendant was incorporated in January, 1909, under the provisions of the statute relating to social, educational and charitable corporations. G. S. 1913, §§ 6522-6527. The purpose for which it was organized was to give exhibitions and demonstrations of automobile construction and operation. There was a membership fee of $100, but no capital stock or annual dues. Qualifications for membership were to be prescribed by the by-laws. In December, 1910, the membership fee was increased to $500 by an amendment amplifying the statement of the objects of the association. Plaintiff was a dealer in automobiles from March, 1904, until some time in November, 1905, but at no time since. He was admitted to membership immediately upon the organization of defendant as a corporation and a certificate of membership issued to him.

When the articles of incorporation were first amended, the original certificates of membership were turned in for cancelation and new certificates taken out in lieu thereof. On October 2, 1912, plaintiff surrendered his certificate, and without an additional payment, received one reciting that his membership was subject to the limitations contained in the articles of incorporation and by-laws and that he was entitled to his proportionate share of the assets of the association. At a meeting held October 26, 1911, revised by-laws were adopted. Article 24 thereof read:

"Whenever any member of the Association ceases to become a dealer or a manufacturer of automobiles or ceases to be actively engaged in the automobile business, either as manufacturer or dealer in the city of Minneapolis, the Association may by a vote of three-fourths of the membership issued and outstanding cancel such membership and retire the same by paying to the holder thereof the par value of said membership together with earned dividends, and thereupon said membership shall terminate, and the decision of the members relative to the fact whether or not a member has ceased to be identified with the automobile business as herein provided shall be final and conclusive on that point and the members shall be the sole judges thereof."

It was amended in June, 1912, by substituting the words "book value" for "par value."

At a meeting of the members on May 27, 1915, a motion was made and carried by a three-fourths vote to cancel plaintiff's membership and pay him $500 upon the surrender of his certificate. He was not present at the meeting and had received no notice that action would be taken to terminate his membership. Subsequently he was tendered $500, but refused to accept it or give up his certificate. In 1918 he brought this action to establish his membership rights and have his certificate declared to be in full force and effect, or for judgment for its value, alleged to be not less than $2,000, and for an accounting to determine the amount he was entitled to receive if no longer a member. In its answer defendant asked that plaintiff's membership be declared terminated and his certificate canceled. Upon a stipulated statement of facts, the court made findings, and, as a first conclusion of law, found that the by-law was valid and that defendant accepted membership pursuant to its conditions, and, as a second, that his membership was terminated by the action taken on May 27, 1915. Judgment was ordered terminating his membership and canceling his certificate upon the payment to him of $500. He has appealed from an order denying a motion for a new trial.

1. His first contention is that the by-law is void because it authorizes a distribution of the assets of the corporation in advance of its dissolution in disregard of section 6526, G. S. 1913. As we

read his complaint, plaintiff's grievance is not that defendant proposes to give him a share in its assets, but that it does not offer him a larger share, though it is true he also questions its right to terminate his membership. Conceding, for the purpose of argument, that the law not only fails to provide that the membership fee shall be refunded when membership is terminated, but prohibits the expenditure of corporate funds for that purpose, how is plaintiff injured by the alleged unauthorized expenditure? An improper distribution of corporate assets among those who have ceased to be members, may be questioned by those who remain. The attorney general may possibly be heard in behalf of the public. But we fail to discover any ground for complaint by one who is to receive money which the corporation may not have a right to pay to him because the by-law authorizing the payment is invalid. Our conclusion is that, if plaintiff's membership has been lawfully terminated his first contention cannot be sustained.

2. Defendant was authorized by paragraph 2, § 6523, G. S. 1913, and its articles of incorporation, to prescribe the terms of admission to membership, but there is nothing in the statute or its articles setting forth the conditions upon which membership might be terminated. It is, therefore, urged that plaintiff could only be expelled on grounds recognized at common law, namely, the commission of an indictable offense or an offense in violation of his duty as a member of the corporation. A by-law, though not expressly authorized, may operate as a contract between the corporation on one side and its members on the other so as to be binding on both, and a member may be bound by an agreement which adopts an invalid by-law. New England Trust Co. v. Abbott, 162 Mass. 148, 38 N. E. 432, 27 L. R. A. 271. The general rule is supported by a line of cases collated in 14 C. J. 346, and in Thompson, Corporations, § 980. The principle was recognized in Evans v. Chamber of Commerce, 86 Minn. 448, 91 N. W. 8, where it was said that the interest of a member in an organization is subject to its constitution and by-laws, which express and regulate the contract by which he has consented to be bound, and in Model Clothing Co. v. Dickinson, 146 Minn. 367, 178 N. W. 957, where a by-law prohibited the sale of stock by a

stockholder except to the corporation, its stockholders or persons approved by them, and the stockholders mutually contracted with each other to purchase and hold their stock in accordance with the conditions imposed by the by-laws. We are of the opinion that when plaintiff surrendered his original membership certificate and accepted one expressly making his membership subject to the limitations contained in the by-laws, he adopted article 24 as part of his contract with defendant, and that, although it might not have been enforced against him until he assented to it, it could be thereafter.

3. The contention that the by-law does not apply to plaintiff because he was not a dealer in or manufacturer of automobiles when he received his certificate of membership, and the ifurther contention that, if the by-law does apply to him, it is unreasonable, cannot be sustained. Manifestly the essential purpose of the association was to combine and promote the common interests of those who were engaged in the automobile business. One not connected with the business would not ordinarily be active in his support of exhibitions of automobiles and the interests of the members would not be promoted by retaining one who would share in the profits of exhibitions without helping to make them a success.

4. There is merit in plaintiff's final contention. He was turned out of the association without a hearing. An association cannot expel a member without an opportunity to be heard, whether its by-laws make provision for notice or not, and especially so where his property rights will be affected by his expulsion. Stevens v. Minneapolis F. D. R. Assn. 124 Minn. 381, 145 N. W. 35, 50 L. R. A. (N. S.) 1018; Burmaster v. Alwin, 138 Minn. 383, 165 N. W. 135. The cases cited in 6 Fletcher, Cyc. Corp. pp. 6757, 6758, and 5 C. J. pp. 1355, 1356, indicate this to be the general rule recognized by the courts everywhere. Defendant's answer to this is that, when the facts justifying expulsion are admitted, as they were here, it would serve no purpose to give notice and permit a member to be heard. That might be true if memberships were automatically terminated when members ceased to deal in or manufacture automobiles, but under article 24 plaintiff's membership was not thus ter-

minated. His fellow members had the power to terminate his membership, but whether they would exercise their power was discretionary with them. The fact that he was allowed to retain his membership for years after he had ceased to be engaged in the automobile business, is sufficient evidence that whether they would exclude him from the association was optional with his associates. If he had been given a hearing, he might have dissuaded them from taking action as they did. Because he had no opportunity to be heard, his attempted expulsion was without effect, and hence the second conclusion of law cannot be sustained.

There is a provision in the stipulation of counsel, submitted to the trial court, that the validity of plaintiff's expulsion shall be the first issue for determination, and, if it be held that the attempted expulsion was invalid, such further proceedings shall be had as justice may require.

The order denying a new trial is reversed and the case remanded for such further proceedings as may be proper in view of the aforesaid stipulation.