## JOHN G. MALMSTED v. MINNEAPOLIS AERIE, NO. 34, FRATERNAL ORDER OF EAGLES and Another.[1]

May 20, 1910.

Nos. 16,576—(59).

**Expulsion of member from fraternal order.**

The president of the grand lodge suspended the charter of the local lodge to which plaintiff belonged. The charter was restored on condition, among others, that plaintiff, among others, be excluded from membership. Plaintiff was notified of this in writing, and was forced to withdraw from a meeting of the local lodge which he attended. Plaintiff was not given the trial required by the organic law of the order. Whereupon he brought action for damages against both the grand lodge and the local lodge. It is *held* that:

1. This conduct of defendants amounted to the illegal expulsion of plaintiff.

[1] Reported in 126 N. W. 486.

---

[Note] As to when civil courts have jurisdiction of controversy between association and its members, see note to Ryan v. Cudahy (Ill.) 49 L. R. A. 353.

2. Plaintiff was entitled to use legal remedies, without having first exhausted appeals within the order.

3. Plaintiff was entitled to damages for injuries sustained.

4. Both the grand lodge and local lodge were responsible.

Action in the district court for Hennepin county against Minneapolis Aerie No. 34 and Grand Aerie, Fraternal Order of Eagles, to recover $25,000 for an alleged unlawful ejection and expulsion from defendant society. The separate answer of the Grand Aerie averred that if the acts alleged were wrongfully done they were performed without the knowledge or authority of the answering defendant. The answer of the Minneapolis Aerie alleged plaintiff had not appealed from the action of the lodge to the Grand Aerie. The replies were general denials. The case was tried before Brooks, J., and a jury which returned a verdict in favor of plaintiff for $500. Defendants moved separately for judgment notwithstanding the verdict or for a new trial. The motions for judgment were denied, but a new trial was granted unless plaintiff would consent to a reduction of the verdict to $50. From this order, defendants appealed. Affirmed.

*A. C. Finney* and *Durment, Moore & Sanborn,* for appellants.

*M. C. Brady,* for respondent.

JAGGARD, J.

Plaintiff and respondent sued the Minneapolis subordinate Order of Eagles and the Grand Aerie of Eagles for having wrongfully and unlawfully expelled him from the local lodge and prevented him from participation in any of its proceedings. The evidence showed that the affairs of the local lodge came to be "in bad shape." The charter of the local lodge had been suspended by the Grand Worthy President with the approval of the trustees. That officer in the course of negotiations agreed to remove the suspension and reinstate the charter on condition that new officers be put into the place of the old ones and that the membership should be purged by dropping certain names to be thereafter furnished to the officers of the local lodge. The intention was to rid the lodge of some undesirable members. The conditions were accepted and the charter renewed. The

list of members to be dropped was furnished to the local lodge by the Grand Worthy President. The local lodge notified the plaintiff in writing that his name had been stricken off its reorganized membership. Plaintiff appeared at a meeting, and while no action was taken to expel him he was forced to withdraw from the meeting. Plaintiff was granted a verdict for $500 in the trial court.

The grand and the subordinate lodge made separate motions in the alternative. The trial court denied the motions, but granted a new trial unless plaintiff would remit all of the verdict except $50. The plaintiff would not remit the excess of the verdict. Both the grand and local lodge appealed from the order denying their respective alternative motions. The only question on this appeal is the right of the grand lodge and the local lodge, respectively, to have judgment for defendant ordered.

The organization of the Eagles in general resembles that of the usual benevolent or fraternal association. Its constitution provided, among other things, that "subordinate aeries shall be subject to the authority of the Grand Aerie, which may revoke the charter or dispensation for cause, or impose such fines and penalties for disobedience as in manner hereinafter provided. No member of this order shall be suspended or expelled except by the subordinate aerie having jurisdiction over him, and then only in the manner hereinafter provided." That subsequent provision was for suspension and expulsion after notice of charges formulated, with opportunity to defend and on a trial before a specified tribunal; that is, the analogy of a judicial proceeding was followed. The charter or dispensation of a subordinate aerie may be forfeited and the aerie suspended for cause by the Grand Aerie, or by the Grand Worthy President, with the consent of the Board of Grand Trustees. Provision was also made for an appeal, within the order, for improper action by officers in violation of the rights of individual members similar to that contained in orders of this kind.

1. The first question presented by this appeal of the Grand Lodge is whether its president had a right to impose as a condition to the restoration of the charter that certain names should be dropped from its rolls. It is to be noted that in the case at bar the local charter

1 122 MINNESOTA REPORTS

was not revoked, but was suspended. What happened here, therefore, was not equivalent to granting a new charter. The conditional restoration of the charter in fact and in effect suspended or expelled the member without the trial provided for by the organic law of the order. To this trial he was entitled, unless the approval of the order as to conditional restoration by the Grand Lodge gave validity to it and its sequences, including plaintiff's expulsion. See State v. Grand Lodge, 70 Mo. App. 456. It would, however, be a forced construction to regard any action appearing in the record to have been taken to operate as an implied repeal of the provisions of the laws of the order as to "Trials and Penalties." The conclusion follows that plaintiff has been illegally treated.

2. It is also urged that plaintiff was not at liberty to acquiesce in his expulsion, and take no steps to have the wrong remedied under the laws of the order, and yet recover damages as for a wrongful expulsion. It is, however, well settled that: "If the action of the lodge be a usurpation, or without notice or authority, it cannot affect the legal rights or change the legal status of any one. The obligation to appeal is not imposed when the judgment is void for want of jurisdiction. It may be likened to a judgment rendered by a court which has no jurisdiction of the subject-matter or of the person. No appeal or writ of error is necessary to get rid of such a judgment. It is void in all courts and places, and the duty of an expelled member to exhaust, by appeals or otherwise, all the remedies within the organization, arises only where the association is acting strictly within the scope of its powers." Bacon, Benefit Societies (3d Ed.) § 107; Hall v. Supreme Lodge (D. C.) 24 Fed. 450; Mulroy v. Supreme Lodge, 28 Mo. App. 463; Blumenfeldt v. Korschuck, 43 Ill. App. 434; Hoeffner v. Grand Lodge, 41 Mo. App. 359; Karcher v. Supreme Lodge, 137 Mass. 368.

3. The plaintiff's right to recover damages sustained by wrongful expulsion by an action at law has been frequently recognized. Lahiff v. St. Joseph, 76 Conn. 648, 57 Atl. 692, 65 L. R. A. 92, 100 Am. St. 1012; Lamphere v. Grand Lodge, 47 Mich. 429, 11 N. W. 268; Washington v. Bacher, 20 Pa. St. 425; People v. Musical, 118 N. Y. 101, 23 N. E. 129; People v. German, 53 N. Y. 103; Ludow-

iski v. Polish, 29 Mo. App. 337; State v. Lipa, 28 Oh. St. 665; Fraternal v. State, 61 Oh. St. 628, 48 N. E. 940, 76 Am. St. 446; Bacon, Benevolent Societies (3d Ed.) § 442; Fisher v. Board of Trade, 80 Ill. 85. The trial court very properly regarded the damages as necessarily limited in extent, and properly reduced the verdict of the jury. But however restricted the right of recovery may be, the injury to plaintiff's feelings in an action of this character is a proper element of damage. Lahiff v. St. Joseph, supra; People v. German, supra.

4. The remaining question is whether plaintiff can recover from either or both the Grand Aerie or the local aerie, or from the individual officers only who acted in the matter. It is quite clear that the individuals who acted in expelling plaintiff did so in their official capacities and in the course of the performance of their imposed duties. Their tort was not an independent tort. The officers of the grand and local lodges acted on behalf of each lodge. Both lodges took part. Both lodges were joint tort-feasors. Plaintiff is entitled to recover from them both.

It follows that the general conclusion of the trial court that neither the grand nor local lodges had interposed a sufficient defense was correct, and that the court properly reduced the amount of the verdict and granted a new trial in the event of plaintiff's refusal to accept the amount as reduced.

Order affirmed.