## ISADORE KULBERG and Another v. NATIONAL COUNCIL OF KNIGHTS AND LADIES OF SECURITY.[1]

January 30, 1914.

Nos. 18,343—(223).

**Rules for expulsion of member.**
1. Rules and regulations of a fraternal benefit association, concerning procedure for expulsion of members, are valid and binding, if not so grossly

[1] Reported in 145 N. W. 120.

unfair as to be contrary to public policy; and an appeal within the order from an expulsion may be made a condition precedent to the right to resort to the courts.

### Appeal within the order from order of expulsion.

2. To render the requirement of such an appeal operative, there must be a hearing in accordance with the laws of the order; but mere irregularities of procedure short of substantial denial of the hearing contemplated by the contract of the parties are remediable in the first instance only as provided therein.

### Question for jury.

3. As against defendant's request for a directed verdict in an action upon a benefit certificate, evidence *held* sufficient to take the case to the jury on the question whether the hearing pursuant to which assured was expelled was such as to deprive the court of jurisdiction because no appeal was taken within the order.

### Burden of proof.

4. The burden of establishing the fact of such hearing was on defendant.

### Expulsion not warranted.

5. Evidence *held* insufficient to establish a valid expulsion, in that it indicated the order was based, in part at least, upon evidence taken at a time and place of which assured had no notice, or else he was justified in so believing.

### Acquiescence in order of expulsion — evidence.

6. Evidence *held* to show neither acquiescence in the order of expulsion nor abandonment of membership.

### Tender of dues thereafter.

7. Defendant having clearly indicated its intention to refuse further recognition of assured's membership, subsequent tender of dues and assessments was not necessary to keep the certificate of membership in force; but a recovery would be subject to deduction thereof.

### Admission of evidence harmless.

8. Evidence upon the affirmative defense of a valid expulsion, after hearing, for certain offenses against the order, including misrepresentation of age, being such that the court would have been justified in charging failure to establish it, and this being the only issue submitted, and there being no other proper to be submitted, admission of testimony tending to refute the charge of such misrepresentation was without prejudice to defendant, though irrelevant.

Action in the district court for Ramsey county to recover $2,000 upon defendant's certificate of insurance upon the life of Osias Kulberg. The facts are stated in the opinion. The case was tried before Quinn, J., who denied defendant's motion for a directed verdict and a jury which returned a verdict for $1,975.56 in favor of plaintiffs. Defendant's motion for judgment notwithstanding the verdict or for a new trial was denied. From the judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*Harvey E. Hall* and *William G. White,* for appellant.

*A. J. Hertz* and *James E. Markham,* for respondent.

PHILIP E. BROWN, J.

Action to recover the amount of a fraternal benefit certificate. Plaintiff had verdict and judgment, defendant's motion for judgment or a new trial being denied. The latter appealed.

In 1901 Osias Kulberg became a member of one of defendant's councils and obtained the certificate sued on, which was like the one in Marcus against this defendant, 123 Minn. 145, 143 N. W. 265. He was expelled at the same time as assured was in that case, and what was said in the first paragraph of the opinion therein, outlining the nature and character of the order, its membership and internal management, rights of members, expulsion, etc., is equally applicable here.

In March, 1910, charges of wrong-doing were preferred against assured, to the effect that he (a) was over the maximum age limit when admitted, (b) was not then in good health and a fit subject for life insurance, (c) concealed facts relating to his age, health, and family history, (d) made misstatements relating to the same matters, (e) is not within the eligible list of beneficiaries, and (f) assisted and abetted others in securing and attempting to secure payment of fraudulent and improper claims upon the order. Later he was cited to appear before the National Executive Committee of the order in Minneapolis, on April 7, 1910, to answer these accusations. He appeared accordingly and certain proceedings were had. On April 21 and 22 the committee met at Topeka, Kansas, without notice to or knowledge of assured, found the charges sustained, and ordered ex-

pulsion and cancelation of the certificate. On April 22 defendant's secretary notified him in writing that on April 21 and 22 the committee "acting on evidence which was taken in your case in St. Paul and Minneapolis in April, 1910, by a unanimous vote of the committee, expelled you from membership and canceled your certificate. As you will readily understand, this terminates your membership in the order. * * * You are further notified to send your certificate to my office at once." Assured did not appeal to defendant's National Council and never applied for reinstatement.

Defendant's answer alleged, among other things, assured's expulsion under the rules of the order, substantially as stated, and further that in the membership application he knowingly stated his age as 51 years, when in fact he was 70. Plaintiff's reply alleged that the charges preferred against assured were made with the preconceived design and intention of ousting him from membership; that he was never required or permitted to answer them or to be heard or to offer evidence in reference thereto; that no witnesses were produced or testified before the committee, and that in fact no hearing or trial on the charges was had, the pretended hearing and trial being arbitrary, unauthorized, oppressive, and void.

1. On the trial of the action, which was had in St. Paul, plaintiff introduced evidence of an interpreter, employed by defendant at the hearing before the committee, tending to show that assured and other members charged with like offenses were together in a room adjoining the one in which the committee sat; that they were called in separately, the door closed—another witness stated it was locked and the committee would not let him in—examined and dismissed; and, in assured's case, the only proceedings had, after he was called in, consisted of the committee's looking at him and asking his name, residence, and age, his reply as to the latter being 60 or 61 years. Defendant's showing of what occurred consisted in the testimony of one of its attorneys and its secretary, each of whom contradicted plaintiff's showing, affirming that assured testified at length and was accorded the opportunity of representation by counsel and production of witnesses. It appeared that some of the testimony given before the committee in the several cases was taken down by a stenographer

and a copy made, which was in possession of defendant's counsel in St. Paul, and though notice to produce was served and oral demand made on the trial, he refused to comply.

The court determined, and so charged, the sole material question of fact to be: Was assured given such hearing before the committee as defendant's laws, rules, and regulations contemplated? Beyond doubt, the accusations made, if true, were such as would warrant assured's expulsion, and likewise if he was guilty only of misrepresenting his age in his application for membership. Neither can the right of parties, in associations of this kind, to agree upon the procedure concerning expulsions be questioned, if not so grossly unfair as to be contrary to public policy; and unquestionably they may make appeal within the order a condition precedent to resort to the courts where the procedure provided for has been substantially followed. See Marcus v. this defendant, supra. So, also, it must be held that outside the matter of hearing and notice of expulsion and cancelation, the proceedings had were adequate to require recourse to this remedy. We agree, therefore, with the trial court, that the only material question of fact, if any, was as charged. Defendant, however, contends it conclusively appears that no errors or irregularities occurred in the conduct of the hearing or proceedings resulting in assured's expulsion, prejudicial to his rights or dispensing with the necessity of an appeal within the order, and hence that no issue of fact was raised and it was entitled to a directed verdict. This presents the vital question. Its importance is self-suggestive when we consider the number of similar organizations now doing business and their large membership. Such associations are insurance companies. As said in Lindahl v. Supreme Court I. O. F. 100 Minn. 87, 91, 110 N. W. 358, 359, 8 L.R.A.(N.S.) 916, 117 Am. St. 666:

"Many of the so-called benevolent and fraternal associations which are largely engaged in the life insurance business can no longer be treated as charitable organizations. Their insurance features are but remotely connected with the charitable and benevolent work of the orders. Their certificates are simply insurance contracts, and the benefits to which the members are entitled thereunder result from the payment of full and adequate consideration."

The power of a committee, vested by the association with quasi-judicial functions in the premises, to expel a member must, therefore, be subject to some limitation. It would not be contended that a binding expulsion could be ordered without any hearing whatever, or upon one so irregular as to be wholly unauthorized by the fundamental law of the order. Horgan v. Metropolitan Mut. Aid Assn., 202 Mass. 524, 529, 88 N. E. 890; Bacon, Ben. Soc. § 101. On the other hand, mere irregularities of procedure, short of a substantial denial of the hearing contemplated by the contract of the parties, are remediable in the first instance only as provided therein; from which it follows that if it conclusively appears such a hearing as that last indicated was had, plaintiff cannot maintain this action.

If plaintiff's witnesses are worthy of credence, their testimony, taken in connection with defendant's documentary evidence, established assured's conviction of the six independent and disconnected violations of duty before mentioned, merely upon his inspection by the committee and the disclosure of his name, residence and age, conforming to the application for membership. We are not prepared to hold as a matter of law, if this version be true, that the hearing was within the rules of the order. The proceeding was of importance. Assured had paid premiums for 10 years. It is generally known that forfeitures like the present one prevent the obtaining of other insurance entirely, or else at increased cost. Only a strained construction of the laws of this order would permit a holding that either party contemplated action of the kind disclosed by these witnesses. Nor can we say that their testimony is unworthy of belief, especially when it is reinforced by the presumption arising from defendant's nonproduction of the testimony claimed to have been taken down by the stenographer, and when, moreover, we consider the interest of defendant's witnesses in the event of the suit. (Note 59 Am. St. 207). As said in Jones, Evidence (2d ed.) § 19:

"The mere withholding or failing to produce evidence, which under the circumstances would be expected to be produced and which is available, gives rise to a presumption against the party. It is a presumption less violent than that which attends the fabrication of testimony or the suppression of documents in which other parties

have a legal interest; but the courts recognize and act upon the natural inference that the evidence is held back under such circumstances because it would be unfavorable."

See, also, section 20 of the same work, and 16 Cyc. 1059. This presumption is ordinarily to be taken as strongly sustaining the other evidence adduced. We hold the evidence sufficient to take the question indicated to the jury.

Nor is this conclusion in any wise opposed to that in the Marcus case, supra, relied on by defendant as presenting issues substantially identical with those in the present case and as determinative thereof. In the latter it does not appear from the answer either what charge was made against assured or of what he was found guilty. Moreover, the reply in the former was substantially a general denial, whereas here the good faith of the proceedings and the fact of any hearing on the charges made was directly challenged. The courses of the trials and the proofs received in the two cases were also materially different. In the former the controversy related solely to the question of the assured's age, it appeared he was advised that his expulsion rested on this ground, and the notice thereof was essentially different from the one here involved. Furthermore, there was persuasive evidence of acquiescence in the determination of the committee and abandonment of membership; while here we have evidence to the contrary. In short, the issues in the Marcus case were so different from those here presented, that the decision therein is neither controlling nor materially in point on the question under discussion.

2. What has been said above with respect to the matter of hearing might seem to dispose of this case so far as concerns that question, but nevertheless another aspect thereof requires consideration. Presumptions favorable to a forfeiture cannot be indulged. Ibs v. Hartford Life Ins. Co. 119 Minn. 113, 117, 137 N. W. 289. And defendant bore the burden of establishing expulsion proceedings sufficient under the laws of the order to require assured to appeal or to be bound by the determination. See Ibs v. Hartford Life Ins. Co. supra; Tobin v. Western Mut. Aid Soc. 72 Iowa, 261, 33 N. W. 663. Proceedings without notice to assured or which ignored his right to be present at all times and to hear all testimony presented and proofs of-

fered and to cross-examine, not only cannot be deemed hearings but must be held nullities. If, therefore, it appears that evidence was taken by the committee at a time or place without notice to him or proof of his consent, or that defendant's conduct justified assured in believing such was the fact, the forfeiture cannot stand. Assured's notification of expulsion came from defendant's secretary, who was present at the meeting of the committee in Minneapolis, and by it he was advised that the committee "acting on evidence which was taken in your case in St. Paul and Minneapolis in April, 1910," had expelled him and cancelled his certificate. But no notice of or consent to any meeting except the one in Minneapolis was shown, and what evidence, if any, was taken in St. Paul does not appear. Clearly no forfeiture can be sustained on such a record. Moreover, assured had the right to assume the notification of expulsion stated facts, and hence to ignore it; and defendant has no just cause to complain if he did so. We adopt the following from Dick v. International Congress, 138 Mich. 372, 377, 101 N. W. 564, 565:

"Plaintiff was entitled to the hearing prescribed by defendant's by-laws. The construction which defendant itself placed on these by-laws—and, in my judgment, their proper and necessary construction —required it to dispose of controversies upon testimony of some character produced before it at a time and a place where plaintiff had an opportunity of being heard. We have held, in accordance with fundamental constitutional principles, that an adjudication made by such tribunal is not binding upon a party who is denied the opportunity of being heard. See Rose v. Supreme Court, Order of Patricians, [126 Mich. 577, 85 N. W. 1073] supra." "The most obvious and essential rights secured to claimant by the opportunity of being heard are these: The right to present testimony, and the right to hear and meet testimony presented against her. If her claim was rejected upon testimony obtained when she was not present, and of which she knew nothing, we should not hesitate to say that she was denied the opportunity of being heard, even though permitted to introduce testimony tending to support her claim. In such a case it would be clear that, though given a hearing in form, claimant was

deprived of all advantage of such hearing, and was therefore denied the hearing to which she was lawfully entitled."

The defect in the proceedings thus disclosed goes beyond mere irregularity, and involves a forfeiture so entirely unsupported either by contract or law that, we think, a court would not have hesitated, by mandamus, to reinstate. (Note 59 Am. St. 200.) Certainly, then, liability on the policy should not be denied on account thereof. See opinion of Judge Seymour D. Thompson in Mulroy v. Knights of Honor, 28 Mo. App. 463; Bacon, Ben. Soc. § 104, note 59 Am. St. 204, et seq.

3. Assured failed to apply for reinstatement, and defendant, claiming he also neglected to disaffirm the order of expulsion, insists that his beneficiaries are barred by his acquiescence therein and abandonment of membership. The facts, however, show neither. Six days after notification of expulsion, he wrote defendant's secretary:

"It must be some error in regard to my expulsion from membership of this order, and really believe that you are unjustified in doing so."

With this communication he returned defendant's draft sent to reimburse him for assessments and lodge dues paid pending investigation, and also enclosed a money-order for $4 in payment of assessments and dues for May; the latter being thereafter returned to him, with the secretary's reiteration of his expulsion and cancelation of his certificate, and remaining in his possession until his death, May 27, 1912, and subsequently in plaintiff's possession. Defendant, moreover, having clearly indicated its intention to refuse further recognition of assured's membership, subsequent tender of dues and assessments was not necessary to keep his certificate in force. Ibs v. Hartford Life Ins. Co. 121 Minn. 310, 141 N. W. 289. See also, Langnecker v. Trustees of Grand Lodge, A. O. U. W. 111 Wis. 279, 87 N. W. 293, 55 L.R.A. 185, 87 Am. St. 860; Byram v. Sovereign Camp, 108 Iowa, 430, 79 N. W. 144, 75 Am. St. 265; Plattdeutsche v. Ross, 117 Ill. App. 247. But a recovery would be subject to deduction thereof.

4. Testimony of several witnesses was received, over defendant's objection and exception, showing that the actual age of assured was as stated in his application for membership. This was irrelevant to the issue outlined by the court; but no prejudice resulted, for, as indicated in subdivision 2 of this opinion, the court would have been justified in charging that defendant had failed to establish a defense.

Judgment affirmed.