# NATIONAL COUNCIL OF KNIGHTS AND LADIES OF SECURITY v. WOLF TUROVH.[1]

February 2, 1917.

Nos. 19,982—(134).

**Mutual benefit insurance — expulsion of insured.**

1. The laws of plaintiff society provide for trial of members before a committee, give the committee power to pronounce sentence of expulsion, provide for appeal to the national council of the society, and make the judgment of the trial committee final if not appealed from.

**Same — valid parts of contract.**

2. Such provisions are part of the contract between the society and its members and are valid.

**Same.**

3. The method of appeal must be reasonable and must not impose undue hardship. The provisions for appeal in this case are not unreasonable.

**Same — void judgment of expulsion.**

4. A void judgment does not impose on the member the obligation to appeal. A judgment is void if the committee has been given no power to render it, or if the charge, if established, does not justify it, or if jurisdiction of the accused has not been acquired.

**Same — appeal from judgment of expulsion.**

5. But if the member have notice of the trial and appears and is heard, and the committee renders a judgment which it has jurisdiction to render, and the laws of the order provide for an appeal and provide that all decisions not appealed from are final, then the member, if he wishes to challenge the judgment, must appeal within the order and cannot, without so doing, resort to the courts.

**Irregularities not affecting the judgment.**

6. Mere irregularities in the preparation of the notice or in the manner in which charges are preferred, do not render the judgment void.

**Judgment of expulsion not void.**

7. The trial may be such a sham that a court of justice will declare

[1] Reported in 161 N. W. 225.

it void, but certain expressions of one member of the trial committee in advance of the trial, in this case, it is *held* did not, in view of all the facts, render the judgment expelling defendant void, nor did they justify a finding that the committee prejudged defendant's case.

Action in the district court for Ramsey county to cancel plaintiff's benefit certificate in favor of defendant and to restrain him and the beneficiary named therein from attempting to enforce it. The facts are stated in the opinion. The case was tried before Kelly, J., who made findings and ordered judgment in favor of defendant. Plaintiff's motion for additional findings was granted. Plaintiff's motion for a new trial was denied. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Reversed.

*William G. White,* for appellant.

*A. J. Hertz* and *James E. Markham,* for respondent.

HALLAM, J.

1. Plaintiff is a fraternal beneficiary society with headquarters at Topeka, Kansas. It is governed by a written constitution and laws. These provide: Persons not over 55 years of age may enter the society by joining one of many subordinate councils. The governing body of the society is a national council. A national executive committee, composed of the national president, national secretary and three others, is given power to hear and determine charges against members, and, on proof of certain charges, to expel a member. Defendant became a member by joining Zion Council, a subordinate council in Minneapolis. The national executive committee entertained charges against defendant, and undertook to expel him from membership. Plaintiff now brings this action, alleging that defendant still claims to be a member of the society, and asks a decree of the court that defendant is no longer a member.

There are two sections of the constitution of the society relating to the general subject of expulsion of members:

Section 58 provides that when it shall come to the knowledge of the executive committee that a beneficiary certificate has been obtained by false representation or concealment of facts, it shall without formal complaint inquire into the facts, and may cite the accused member to appear

before the committee, and, if the charge is found to be true, shall order his beneficiary certificate canceled.

Sections 176 to 179 provide that a beneficiary member in good standing may make a formal complaint to the national president against another member. "The national president, upon receipt of said * * * complaint, shall * * * refer the same to the national executive committee for trial."

Section 180 provides that "any member of the Order may appeal * * * to the national council from decision of * * * the national executive committee."

Section 182 provides that the secretary of the national executive committee shall prepare a copy of the minutes of the trial proceeding and a copy of the testimony taken and the decision complained of, and the appeal is determined on this record.

Section 181 provides that "all decisions of the * * * national executive committee * * * shall be final unless appeals therefrom" are taken.

In 1909 Harvey E. Hall, an attorney of St. Paul and a member of the society, was employed by the national executive committee to investigate the membership of Zion Council and other councils in Minneapolis and St. Paul. Much correspondence followed. Hall wrote letters charging that many members of these councils were over the age limit when they joined. In March, 1910, plaintiff's national secretary forwarded to Hall a large number of forms of complaint, and of citations signed by him, all blank as to the name of the member to be accused and the citation blank as to the time and place of hearing. Hall filled in the blanks with the names of the members he accused, signed the complaints, filled in the citation with the time and place of hearing, and mailed a copy of the complaint and citation to each member accused. Defendant was one of them. The original complaint and citation were filled out some days later. These originals were retained by Hall until forwarded by him to the home office at Topeka, on April 18, 1910. The citation to defendant cited him to appear before the national executive committee at a meeting at Richmond Hall, Minneapolis, on April 7, 1910. Defendant did appear and was questioned, and his evidence was taken down in shorthand and later transcribed. No other evidence was offered

or received bearing on his case. On April 21 and 22, 1910, the committee met at Topeka, found the charges against defendant true, and expelled him from membership and canceled his certificate. No appeal was taken to the national council. The trial court held this expulsion void on two principal grounds: First, that the proceedings were irregular in form; and, second, that the national executive committee prejudged defendant's case.

We have had snatches of the proceedings of the national executive committee on this occasion before us in several previous cases, but in none has either party heretofore given us the proceedings in full. In Marcus v. National Council K. & L. of S. 123 Minn. 145, 143 N. W. 265, with certain facts before us, it was held that the expulsion of one member was valid. In Kulberg v. National Council K. & L. of S. 124 Minn. 437, 145 N. W. 120, on a showing that some of the evidence was taken not in the presence of the member and without notice to him, the expulsion in that case was held void. In Rigler v. National Council K. & L. of S. 128 Minn. 51, 150 N. W. 178, on a different showing, the expulsion in that case was held valid. It would now seem that the difference between those cases was not so much in the facts that existed as in the facts presented to the court. Some of the salient facts which seemed to exist in the Kulberg case do not exist here.

2. It is a well-established principle of law, settled by decisions in this state and practically every other, that a fraternal beneficiary society may, by its laws, confer upon a tribunal within the society the power to hear and try charges against members, and, upon conviction, to expel the member; that the laws of the society may further provide for an appeal from the decision of such a trial committee to a higher tribunal within the society itself, and may further provide that a decision not so appealed from shall be final and decisive of the rights of the parties. 1 Bacon, Ben. Socs. & Life Ins. § 132; Marcus v. National Council K. & L. of S. 123 Minn. 145, 143 N. W. 265; Rigler v. National Council K. & L. of S. 128 Minn. 51, 150 N. W. 178; Supreme Lodge K. P. W. v. Wilson, 66 Fed. 785, 14 C. C. A. 264; People v. Women's C. O. of Foresters, 162 Ill. 78, 44 N. E. 401; Bauer v. Sampson L. K. of P. 102 Ind. 262, 1 N. E. 571; Finnerty v. Supreme Council C. K. of A. 115 Iowa, 398, 88

N. W. 834; Modern Woodmen of A. v. Taylor, 67 Kan. 368, 71 Pac. 806; Jeane v. Grand Lodge A. O. U. W. 86 Me. 434, 30 Atl. 70; Karcher v. Supreme Lodge K. of H. 137 Mass. 368; Johansen v. Blume, 53 N. Y. App. Div. 526, 65 N. Y. Supp. 987; State v. Knights of Golden Rule, 9 Oh. Dec. (reprint) 1; Montour v. Grand Lodge A. O. U. W. 38 Ore. 47, 62 Pac. 524; Screwmen's Ben. Assn. v. Benson, 76 Tex. 552, 13 S. W. 379.

Such provisions are valid because the laws of the society are part of the contract between the society and its members, and, when reasonable and not contrary to public policy or natural justice, or to any law of the land, they will be recognized by the courts as valid contract stipulations. And, even though the decision of the trial tribunal be erroneous, or its proceedings irregular, the obligation of the member is to exhaust his remedy within the society by appeal. It is the purpose of the appeal to correct irregularities and errors, and it is to be presumed that the error will be corrected or the irregularity cured by the appellate tribunal. Screwmen's Ben. Assn. v. Benson, 76 Tex. 552, 13 S. W. 379.

3. It is true the method of appeal must not impose undue hardship on the member or it will be void. Lindahl v. Supreme Court I. O. F. 100 Minn. 87, 110 N. W. 358, 8 L.R.A. (N.S.) 1916, 117 Am. St. 666; Fritz v. Knaub, 57 Misc. 405, 103 N. Y. Supp. 1003; Matter of Brown v. Supreme Court, 66 N. Y. App. Div. 259, 72 N. Y. Supp. 806. In this case the appeal could have been heard in about 60 days after the judgment of the trial committee at a meeting of the national council at Springfield, Illinois. It is not claimed that the time or place was such as to render the right of appeal unreasonably burdensome.

4. It is also true that not every decision in form will impose the obligation to appeal or will operate as a finality if no appeal is taken. It was said in Rigler v. National Council K. & L. of S. 128 Minn. 51, 54, 150 N. W. 178, with especial reference to the laws of this society, that, if no appeal is taken from the judgment of expulsion rendered by the trial committee, it can be attacked in the courts only upon the ground that it is void, and that the judgment is void if the tribunal has been given no power to render the judgment, or if the charge, if established, does not justify the judgment rendered, or if jurisdiction of the accused has not been acquired. Jurisdiction fails if the hearing is without notice to the accused (Kidder v. Order of Golden Cross, 192 Mass. 326, 78 N. E. 469;

Slater v. Supreme Lodge K. & L. of H. 76 Mo. App. 387) ; or if the testimony is taken at a time or place other than that specified in the notice given (Kulberg v. National Council K. & L. of S. 124 Minn. 437, 145 N. W. 120), and the proceeding is without the consent or presence of the accused.

5. This much, however, is clear: If the member is given due notice of the time and place of the trial of charges against him and appears and is heard by the committee, and an opportunity is offered to make such showing as he desires, and the committee after hearing renders a formal judgment expelling him and the judgment is one within the jurisdiction of the committee to render, the judgment is valid and the expulsion is lawful, and if the laws of the society give the right of appeal to a superior body within the order, and provide that all decisions of the trial committee are final unless appealed from, then the member, if he wishes to challenge the judgment of the trial committee, must do so by appeal within the order, and he cannot, without so doing, resort to the courts.

Mere irregularities in the manner of preparation of the notice do not render the judgment void if the accused is really afforded an opportunity to be heard, and is present and is heard. Irregularities in the form or manner in which the charges are preferred are not fatal if he is advised of the charges against him, and, himself present, is tried on such charges.

We think these principles dispose of all of the objections to the procedure before the committee. The fact that Hall did not sign the original until after he had served the duplicate, or that he did not deliver the original to the committee until after the evidence was taken, could not substantially affect defendant's rights. There was no uncertainty as to the charges on which defendant was tried. The committee was cognizant of the charges, and defendant was furnished with a duplicate of them. The fact that the citation was signed by the national secretary and the name of the accused was later filled in by Hall could not really prejudice defendant. It served every purpose of notice and defendant in fact appeared at the hearing pursuant to it. The defects and irregularities complained of did not cost the defendant any substantial right. They come clearly within the class that does not render the judgment of the committee void.

In view of the fact that under section 58 the national executive committee may, without formal charges preferred by any one, cancel a beneficiary certificate obtained by false representation as to age, to hold these proceedings void because of the manner in which the complaint was made and presented or the citation prepared, seems to us wholly without warrant.

7. The other principal ground of attack upon the judgment of the committee is predicated on the finding of the court that the proceedings were instituted and conducted with the preconceived idea and intention of ousting the defendant and the other accused members from the order and were colorable and void.   We have no doubt that a trial of a member may be such a sham that a court of justice would declare it void, and would hold that the judgment might be attacked collaterally in the courts without exhausting the remedies provided within the order.   One example of such a case is Otto v. Journeymen Tailors' P. & B. Union, 75 Cal. 308, 17 Pac. 217, 7 Am. St. 156.   We cannot consider this such a case.

The ground of this attack upon the judgment of expulsion is that the national secretary, one of the trial committee, in his correspondence with Hall used such expressions as, "we are all anxious that while we are at this job of 'house cleaning,' that we do a good one," and "anything we can do to get rid of the outfit we have in the Twin Cities we will be glad to do," and "I hope [that] we may [be able to] make a 'kill' when we come to St. Paul next month;" and that six charges all alike were preferred against all members tried, and defendant was found guilty of all, though it is claimed there was no evidence of guilt as to any.

The expressions used by the national secretary were improper enough, but they were used with no particular reference to defendant.   These expressions, and also the other matters urged against the fairness of the committee, take on another aspect when we examine the record of the proceedings of the committee and find that of those members of Zion Council who appeared at the trial, charges against only three were found to be wholly sustained.   Charges against four were found not sustained, and charges against five were found sustained in part, and they were permitted to remain in the society on accepting a rerating of their assessments.   These facts would seem to furnish a conclusive answer to the

charge that the cases were prejudged. In defendant's case all charges were found sustained and, while some of the charges did embrace some matters as to which there was no proof, the main charge was well understood to be that he procured his membership in the society by misrepresentation as to age, and that he was over the age limit when he joined. The courts do not examine the evidence adduced at the hearing in a collateral proceeding such as this, save as it may have a bearing on the question whether the whole trial was colorable and void. We have examined the evidence taken in defendant's case with that end in view, and are of the opinion that it has no tendency to prove that the trial was a sham trial, but, on the contrary, it was such that the committee might fairly find that defendant was over 55 years of age when he joined the society in October, 1907. His testimony which was, in effect, that his father was born 170 years before defendant joined the society and that his mother was born 118 years before, might well be said to sustain a finding that defendant was over 55 years of age when he joined.

We find no such conduct on the part of this trial committee as rendered its judgment void or dispensed with the necessity of appeal within the order. Some decisions in other jurisdictions have gone much further than we need go here. In Sperry's Appeal, 116 Pa. St. 391, 9 Atl. 478, it was held that the judgment of a trial committee, not appealed from, was final though the committee was not properly constituted. In Correia v. Supreme Lodge of P. F. of U. S. 218 Mass. 305, 105 N. E. 977, it was said that a member who did not appeal could not be heard to allege in court partiality on the part of the committee. In McGuinness v. Foresters of America, 78 Conn. 43, 60 Atl. 1023, 3 Ann. Cas. 209, it was said that the remedy by appeal must be resorted to though the trial committee was illegally packed. See also Wilcox v. Royal Arcanum, 210 N. Y. 370, 104 N. E. 624, 52 L.R.A. (N.S.) 806. We are of the opinion that if defendant desired to take exception to the judgment of the trial committee it was his duty to exhaust the right of appeal given him by his contract and the laws of the society, and that in view of his failure to do so he cannot now challenge that judgment.

Judgment reversed.