# FRANK E. BURMASTER v. A. J. ALWIN AND OTHERS.[1]

November 30, 1917.

No. 20,434.

**Mutual benefit insurance — expulsion of member — construction of by-law — case followed.**

Stevens v. Minneapolis F. D. R. Assn. 124 Minn. 381, construing a by-law substantially like that involved in this action, by which the managing officers of the association were empowered to terminate the rights of members therein without notice or opportunity to be heard, followed and applied.

Action in the district court for Hennepin county to recover $10,000 damages for expulsion from membership in Minnesota Commercial Men's Association, one of the defendants, and from the office of director thereof, and to restrain defendants from enforcing the cancelation of plaintiff's benefit certificate and depriving him of his office of director. The answer, among other matters, set out the by-law of the association authorizing the board of directors to suspend or expel any member from the association. The case was tried before Steele, J., who when plaintiff rested denied defendants' motion to dismiss the action, made findings, and ordered judgment reinstating plaintiff and enjoining defendants from enforcing their attempted cancelation of plaintiff's certificate. The jury returned a verdict for $1,000. From an order denying their motion for a new trial, if plaintiff consented to a reduction of the verdict to $500, and from an order for judgment reinstating plaintiff as a member of defendant association and to the office of director thereof, defendants appealed. Affirmed.

M. C. Tifft and W. B. Anderson, for appellants.
Laybourn & Cary, for respondent.

PER CURIAM.

The question whether plaintiff's membership in the association was legally canceled is controlled by our decision in Stevens v. Minneapolis

[1]Reported in 165 N. W. 135.

F. D. R. Assn. 124 Minn. 381, 145 N. W. 35. In that case, as in the case at bar, the by-laws authorizing the suspension of members contained no requirement that notice be given the member proceeded against, or that such member be otherwise afforded an opportunity to be heard before being condemned. We there held that the by-law must be construed in the light of the constitutional right to notice and hearing before one may be deprived of vested legal rights. The cases cannot be differentiated, and we follow and apply the rule there stated. The fact that plaintiff was present at the meeting when his membership was canceled is not important. He was not notified that the matter would be brought up and was given no opportunity to present his side of the controversy. The notice required by the law in such cases is one that will afford a reasonable opportunity to prepare and present a defense.

The question of damages does not require discussion. Though there appears no evidence of actual damage, the trial court charged the jury that if they found that defendants acted maliciously they might award exemplary damages. That instruction is in no way challenged, either by exception taken at the trial, or in the motion for a new trial, and must therefore be taken as the law of the case. 3 Dunnell, Minn. Dig. § 9792. There is evidence in the record from which the jury might well find malice, and the amount of the verdict as reduced by the trial court is within the limits of the jury's discretion in such cases.

Order affirmed.