## J. E. DEWAR v. MINNEAPOLIS LODGE NO. 44 BENEVOLENT AND PROTECTIVE ORDER OF ELKS, ETC.[1]

March 2, 1923.

No. 23,175.

**Occupant of chamber in club house not a tenant—notice to quit.**

1. Where a club provides a few sleeping rooms in its club building for the accommodation of members, and furnishes and cares for such rooms, and retains general control and supervision over the entire premises, a member who rents one of these rooms is a lodger as distinguished from a tenant, and his right to occupy the room may be terminated without giving notice required to terminate tenancies.

**Such occupant a lodger—his right ended.**

2. Plaintiff was a lodger, not a tenant; and his right to occupy a room in the club was lawfully terminated.

**Court inquiry into expulsion of member from fraternal order.**

3. The courts will inquire into the proceedings by which a member was expelled from a fraternal order only for the purpose of ascertaining whether, under the laws of the order, the tribunal had jurisdiction to render the judgment which it did render, whether the proceeding was conducted in good faith and a fair opportunity given the accused to present his defense, and whether the laws of the land were violated.

**Provision in by-law as to appeals valid.**

4. A provision in the laws of a fraternal order that a member shall not appeal to the courts to redress alleged wrongs without first appealing to the tribunals of the order, is valid and enforceable.

**Expulsion sustained.**

5. Plaintiff was expelled for violating such a provision, and the record discloses no ground on which the courts can hold such expulsion invalid.

Action in the district court for Hennepin county to recover $20,-000 damages for eviction from defendant's club building and expulsion from defendant lodge. The case was tried before Buffington,

[1] Reported in 192 N. W. 358.

J., who at the end of the testimony granted defendant's motion for a directed verdict in its favor. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*Edgerton & Dohs*, for appellant.

*Brady, Robertson & Bonner*, for respondent.

TAYLOR, C.

The Benevolent and Protective Order of Elks is a fraternal organization having a large membership throughout the United States and many subordinate lodges. The defendant is a subordinate lodge of this order having more than 4,000 members, and has established and maintains a club, known as the "Elks Club;" in the city of Minneapolis, for the use and accommodation of the lodge and of its members. The club building contains lodge rooms, recreation rooms, dining rooms, and 24 sleeping rooms, which latter are rented only to members in good standing or their guests. The plaintiff was a member of this lodge and rented and occupied one of the sleeping rooms. He was evicted from this room and later was expelled from the lodge. He brought this action for damages, setting forth as a first cause of action that he was wrongfully evicted from his room, and as a second cause of action that he was wrongfully expelled from the lodge. At the close of the trial the court directed a verdict for the defendant. Plaintiff made a motion for a new trial and appealed from an order denying it.

Plaintiff occupied his room for some months and paid $35 per month for it. On June 21, 1919, he was requested in writing to vacate the room on the following Monday. He failed to do so, and on June 30 his effects were removed and the room locked against him. He contends that he was a tenant renting the room from month to month, and that his tenancy could be terminated only by giving him the statutory notice thereof. Defendant contends that plaintiff was a "lodger" as distinguished from a tenant, and that the statutes governing the termination of tenancies did not apply.

"The chief distinction between a tenant and a lodger apparently rests in the character of the possession. A tenant has the exclusive legal possession of the premises, he and not the landlord being in

control and responsible for the care and condition of the premises. A lodger, on the other hand, has merely a right to the use of the premises, the landlord retaining the control and being responsible for the care and attention necessary." Ann. Cas. 1914A, note at page 200 in which the cases are cited.

"A lodger is one who has leave to inhabit another man's house; one who lives in a hired room or rooms in the house of another." 19 Am. & Eng. Enc. 520.

"Lodger. One who inhabits a portion of a house of which another has the general possession and custody." Bouvier, Law Dictionary.

Where the owner or landlord retains general control and supervision over the entire premises, and furnishes and cares for the rooms therein, and retains the right of access thereto for that purpose, the persons to whom he rents such rooms as places of abode are lodgers as distinguished from tenants. 1 Tiffany, Landlord & Ten. 34; Commonwealth v. Lynchburg Y. M. C. A. 115 Va. 745, 80 S. E. 589, 50 L. R. A. (N. S.) 1197; Fox v. Windemere Hotel Apartment Co. 30 Cal. App. 162, 157 Pac. 820.

Plaintiff's room was a part of defendant's premises over which defendant exercised general control and supervision, and was furnished, heated, lighted and cared for by defendant. Although plaintiff paid rent by the month and had occupied the room for some months, he was merely a lodger and not a tenant, and was not entitled to the notice required to terminate tenancies. He was requested to vacate, refused to do so, and at the end of the month was excluded from the room. As he neither alleged nor proved any agreement entitling him to occupy it beyond that date, he has no cause of action for the eviction.

His second cause of action is based on the claim that he was unlawfully expelled from the order. If his expulsion therefrom was not unlawful, this cause of action necessarily falls.

He was expelled for violating that part of his obligation in which he promised:

"I will never appeal to the courts for redress in any matter concerning the order without first appealing to the courts of the order."

The facts are practically undisputed. Difficulties had arisen between plaintitff and some of the officers and employes of the club, as a result of which he had been compelled to vacate his room. He accused the managers of the club, or some of them, of misconduct, and asked the lodge to appoint a committee to investigate his accusations and report upon them. Nothing came of this. He then brought an action against defendant in the district court for damages for alleged wrongful eviction from his room. Thereafter charges were preferred against him on which he was brought to trial before the subordinate forum, the proper tribunal of the order. He appeared at the trial in person and by counsel, and testified as a witness. The charges contained six specifications, but all were expressly withdrawn except the charge that he had violated his obligation by bringing suit against the lodge without first applying to the councils of the order for redress.

The laws of the order provide that if the accused is found guilty of wilful violation of the obligation he shall be expelled or suspended in the discretion of the subordinate forum. They further provide that, if he is found guilty of a violation of the obligation and it appears that the offense was not wilfully committed, he shall be suspended. As a result of the trial plaintiff was found guilty of wilful violation of his obligation and was expelled therefor. He took an appeal to the grand forum which affirmed the judgment of the subordinate forum. After he had been expelled, plaintiff dismissed the action previously brought in the district court and presented his claim to the grand forum, as the tribunal is termed which hears and determines complaints against a subordinate lodge. This tribunal dismissed his complaint for the reason that he had ceased to be a member of the order. Thereupon he brought the present action.

"The expulsion or suspension of a member of a society or club, if for a cause within the jurisdiction of the tribunal of the society by which it was pronounced, and the result of a trial fairly conducted in accordance with the laws of the society, is conclusive on the merits and binding on the civil courts, whether the action or

proceeding in the civil court is for restoration to membership or damages for expulsion." 25 R. C. L. 61.

"In such cases the courts never interfere, except to ascertain whether or not the proceeding was pursuant to the rules and laws of the society, whether or not the proceeding was in good faith, and whether or not there was anything in the proceeding in violation of the laws of the land." 25 R. C. L. 57, and numerous cases there cited.

See also Evans v. Chamber of Commerce, 86 Minn. 448, 91 N. W. 8; Marcus v. National Council K. & L. of S. 123 Minn. 145, 143 N. W. 265; Rigler v. National Council K. & L. of S. 128 Minn. 51, 150 N. W. 178; National Council K. & L. of S. v. Turovh, 135 Minn. 455, 161 N. W. 225; Melady v. South St. Paul L. S. Exch. 142 Minn. 194, 171 N. W. 806.

That the tribunals of the order had jurisdiction to expel plaintiff for the cause alleged, that such jurisdiction was properly invoked, and that he was given a proper trial and a sufficient opportunity to present his defense is beyond question; and that he brought an action at law against the lodge without first applying to the courts of the order stands admitted.

It is well settled that the laws of a society, requiring a member to exhaust his remedies within the order before applying to the courts, are valid and enforceable, even if property rights be affected. 19 R. C. L. 1226, § 39, et seq.; 25 R. C. L. 59; also the cases hereinbefore cited. And plaintiff's contention that the provision in question is against public policy and void as an attempt to deprive him of his right to resort to the courts cannot be sustained. Likewise his contention to the effect that a claim against the lodge, predicated on the action of its officers or employes in excluding a member from a room in a club organized and conducted by the lodge, is not a "matter concerning the order," within the meaning of this provision, cannot be sustained.

Plaintiff further contends that his expulsion was unlawful because, under the laws of the order, he could be expelled only for a wilful violation of the obligation, and the charge that he had violated it did not allege that such violation was wilful. The proceedings

conducted by lodges and societies are usually informal. The procedure before such tribunals is not required to conform to that of courts of law. If the accused was given a fair trial, was afforded an opportunity to present his evidence as to his alleged misconduct, and the tribunal had authority to render the judgment which it did render, and such judgment is not violative of the laws of the land, the judgment is binding on the courts, and they cannot review questions relating merely to the form in which the charge was presented to the lodge tribunal. A careful examination of the record discloses no ground on which the courts can vacate the judgment in question, and it follows that plaintiff was lawfully expelled from the order. The refusal to grant a new trial is affirmed.