# INA L. PETERS v. MINNESOTA DEPARTMENT OF LADIES OF THE GRAND ARMY OF THE REPUBLIC, INC.[1]

April 10, 1953.

No. 35,929.

*Solomon Wasserman,* for appellant.

*Guesmer, Carson, MacGregor & Clifford,* for respondent.

DELL, JUSTICE.

This case arises out of an action in district court for reinstatement of plaintiff, Ina L. Peters, to membership in defendant organi-

---

[1]Reported in 58 N. W. (2d) 58.

zation, Minnesota Department of the Ladies of the Grand Army of the Republic, Incorporated. Following pre-trial conference, each party moved for summary judgment. Upon entry of judgment for defendant dismissing plaintiff's action, this appeal was taken.

The Ladies of the Grand Army of the Republic, referred to hereinafter as the Ladies, is a national social and fraternal organization composed of female kin of Union veterans of the Civil War. It is organized internally into various state-wide departments, of which defendant is one. These departments, in turn, are subdivided into local circles. Delegates from the circles meet annually at department conventions, and delegates from the departments comprise the annual national convention which acts as the organization's rule-making body. For many years plaintiff was a member in good standing in the organization and has held high office in the circle to which she belonged.

Among the rules and regulations which are binding upon the membership is the requirement that all disputes between a member and the organization be submitted to the organization for an attempt at settlement before resort is taken to courts of law. Failure to comply with this requirement is punishable by discharge. In 1948, the circle of which plaintiff was a member recommended to the department convention that plaintiff be expelled from the organization for violating this regulation. A resolution to that effect was adopted by majority vote at the department convention and sent to the national convention which approved the action of the Minnesota department by a majority vote. Plaintiff was in attendance at both the department and national conventions. Subsequently, she received by registered mail a dishonorable discharge card signed by the president and secretary of the Minnesota department. It is her contention that the procedure followed in discharging her failed to conform to the rules and regulations of the Ladies and violated due process.

The rules of the organization provide for trial by a "Court of Inquiry" before a member may be discharged for most alleged rule violations. In such cases provisions are made for a formal indict-

ment, hearing, and method of appeal. It is conceded, however, that since 1946 the following rule (c. VII, art. I, § 17) has been in force:

"Any members of a Circle or Department who shall resort to Courts of law to secure settlement of trouble arising before proper action toward settlement has been taken by the Department or National Organization, shall be subject to dishonorable discharge *by direct action by a majority vote of the National Convention, and that all Laws, Rules and Regulations in conflict herewith are hereby repealed."* (The portion of the rule in italics was added at the 1946 national convention.)

Plaintiff argues that this rule, properly construed, does not dispense with the necessity for the formal discharge procedure but merely permits it to be had at the national level.

■ The rule that members must attempt to settle disputes within the hierarchy of the organization before resort to the courts is a common one in social and fraternal groups and is valid and enforceable even though property rights are involved. Dewar v. Minneapolis Lodge No. 44, B. P. O. E. 155 Minn. 98, 192 N. W. 358. It does not seem unreasonable or contrary to public policy for the proper deliberative body of an organization, acting in an authorized manner, to decide that all infractions of this type of rule deserve more summary disposition than do other types of rule violations. That the national convention regarded c. VII, art. I, § 17, as such a determination is clear from the fact that its vote with respect to plaintiff was made in accordance with the provisions of the section. Since the national convention by its action has construed the section, plaintiff's suggested construction must fail. The Ladies vested in its national convention both the power to make rules and to define their meaning. The courts will not interfere with such rules or the construction put upon them by the appropriate body unless it clearly appears that they violate the law of

the land or are so unreasonable or grossly unfair as to be contrary to public policy.[2]

■ However, the ability to dispense with formal procedure does not imply a power to eliminate all provision for notice and hearing. It has long been recognized in Minnesota and elsewhere that members of nonprofit associations enjoy certain rights which will be protected by equity and among them is that of notice and hearing before expulsion.[3] If, as plaintiff claims, she was given no notice and hearing, then her discharge is jurisdictionally defective and a nullity, and she is entitled to reinstatement.[4] On the other hand, she need not have been accorded the same notice and hearing guaranteed under the Ladies' formal procedure or essential in a court of law. Dewar v. Minneapolis Lodge No. 44, B. P. O. E. 155 Minn. 98, 192 N. W. 358, *supra*. If any notice and hearing which satisfied minimum requirements of fairness was given her, then this court cannot require more.

■ Therefore, although this case was submitted to the trial court as a matter for summary judgment, its final disposition requires a fact determination. The question was put in issue by the pleadings, but nowhere in the record before us is there a stipulation describing the notice and hearing which plaintiff received. One of the exhibits introduced at the pre-trial conference was a verified complaint, signed by plaintiff as attorney *pro se,* containing references to facts which, if fully developed, may show that plaintiff's rights were satisfied. However, without further testimony,

[2]See, Thibert v. Supreme Lodge, 78 Minn. 448, 81 N. W. 220, 47 L. R. A. 136; Kulberg v. National Council, 124 Minn. 437, 145 N. W. 120; National Council v. Turovh, 135 Minn. 455, 161 N. W. 225; Dewar v. Minneapolis Lodge No. 44, B. P. O. E. 155 Minn. 98, 192 N. W. 358.

[3]Stevens v. Minneapolis Fire Dept. Relief Assn. 124 Minn. 381, 145 N. W. 35, 50 L.R.A.(N.S.) 1018; Burmaster v. Alwin, 138 Minn. 383, 165 N. W. 135; Mixed Local of H. & R. Employees Union v. International Alliance, 212 Minn. 587, 4 N. W. (2d) 771; Annotations, 20 A. L. R. (2d) 344, and 147 A. L. R. 590.

[4]Malmsted v. Minneapolis Aerie, No. 34, O. of E. 111 Minn. 119, 126 N. W. 486; Kulberg v. National Council, 124 Minn. 437, 145 N. W. 120; National Council v. Turovh, 135 Minn. 455, 161 N. W. 225.

we cannot say that they were or were not. Whether a particular procedure satisfies the minimum requirements of notice and hearing cannot be determined in advance of a complete picture of the facts. For that reason, it is ordered that this case be remanded for further proceedings consistent with this opinion.

Reversed.