# INA L. PETERS v. MINNESOTA DEPARTMENT OF LADIES OF THE GRAND ARMY OF THE REPUBLIC, INC.[1]

December 9, 1955.

No. 36,632.

*Solomon Wasserman,* for appellant.

*Guesmer, Carson, MacGregor & Clifford,* for respondent.

[1]Reported in 73 N. W. (2d) 621.

DELL, CHIEF JUSTICE.

This is an action in which the plaintiff seeks reinstatement of her membership in the defendant organization, Minnesota Department of the Ladies of the Grand Army of the Republic, Incorporated. This case has previously been before us.[2] At that time we remanded it for a factual determination of the question of whether the plaintiff received notice and hearing sufficient to meet the minimum requirements of fairness. Upon the trial the court found that the procedure followed by the defendant, in expelling the plaintiff, satisfied those minimum requirements and directed that judgment be entered dismissing plaintiff's action. From the judgment so entered plaintiff appeals.

The Ladies of the Grand Army of the Republic is a national social and fraternal organization composed of female kin of Union veterans of the Civil War. The organizational structure consists of many departments of which defendant is one. The departments are comprised of smaller units called circles. Delegates from the circles meet annually at state department conventions and shortly thereafter delegates from such conventions meet annually at a national convention. According to the articles of the defendant, the conduct of its business is vested in its officers and a department advisory council consisting of all past department presidents, all elective officers, and such other officers as may be provided for by the bylaws. Plaintiff was a member in good standing of defendant organization for a number of years and has been an officer in her circle as well as in the national organization.

Among the rules and regulations of the organization relating to the discipline of members is a provision providing that all disputes are to be submitted to the organization for an attempted settlement first before resorting to a court of law. That regulation, adopted in 1946, reads as follows:

"Any members of a Circle or Department who shall resort to Courts of law to secure settlement of trouble arising before proper

---

[2]Peters v. Minnesota Dept. of Ladies of Grand Army of Republic, Inc. 239 Minn. 133, 58 N. W. (2d) 58.

action toward settlement has been taken by the Department or National Organization, shall be subject to dishonorable discharge by direct action by a majority vote of the National Convention, and that all Laws, Rules and Regulations in conflict herewith are hereby repealed."

In November 1947 and again in April 1948 plaintiff instituted actions against the defendant in the District Court of Anoka County to prevent it from allegedly violating a condition subsequent in a deed which prohibited the sale or disposition of certain real estate previously deeded to the defendant as a gift from the city of Anoka. The transaction relating to the land which plaintiff questioned in her actions occurred on October 6, 1947, at which time defendant executed a deed to a small parcel of the real estate to the city of Anoka in return for a cash payment of $400. The transaction had the previous approval of the defendant's advisory council.[3] Because of these lawsuits and pursuant to the foregoing regulation and plaintiff's failure to comply with it, she was dishonorably discharged from the organization. That action followed recommendations and a vote to that effect by both the defendant's state convention in June 1948 and the national convention held in September of that year. Plaintiff asserts that she was not given adequate notice of the charges against her and that she was not given a hearing sufficient to meet the minimum requirements of fairness.

It is well settled that a rule requiring members to exhaust their remedies within the framework of the organization before resorting to court action is valid and enforceable even though property rights are involved.[4] However, while an organization may dispense with formal procedures, that does not eliminate the necessity for some minimum requirements of notice and hearing.[5] It is clear

[3]When the first action which plaintiff instituted was called for trial she dismissed it. The second action brought for the same purpose was tried and resulted in a dismissal of plaintiff's action upon the merits.

[4]Dewar v. Minneapolis Lodge No. 44, B. P. O. E. 155 Minn. 98, 192 N. W. 358, 32 A. L. R. 1012.

[5]Stevens v. Minneapolis Fire Dept. Relief Assn. 124 Minn. 381, 145 N. W. 35, 50 L.R.A.(N.S.) 1018; Burmaster v. Alwin, 138 Minn. 383, 165 N. W.

that, if the plaintiff was expelled *without any* notice or hearing, then the expulsion is a nullity and she is entitled to reinstatement of her membership in the defendant organization.[6] On the other hand, the plaintiff need not have been accorded the same notice and hearing that is essential in a court of law.[7] As we previously stated when this action first came before us, Peters v. Minnesota Dept. of Ladies of Grand Army of Republic, Inc. 239 Minn. 133, 136, 58 N. W. (2d) 58, 60, "If *any* notice and hearing which satisfied minimum requirements of fairness was given her, then this court cannot require more." (Italics supplied.)

Prior to May 21, 1948, defendant's officers sent out the following notice:

"There will be a joint meeting of the Advisory Council and Home Board members at Memorial Hall Court at 10 A. M. May 21st, 1948 to take action in regard to Ina Peters and the land at Anoka. The papers have again been served, and any other business that may properly come before it."

One of the exhibits in this case shows that plaintiff attended that meeting with full knowledge of its purpose, with the intention of explaining her position, and "insisted on being heard." Shortly thereafter and prior to the state convention held in June 1948, the defendant's advisory council adopted the following recommendation:

"No. 3. In as much as Ina Peters has caused so much disturbance and expense to the Department of Minnesota for the past year and resorted to Courts of Law twice during the past year and another suit is pending, we recommend that Ina Peters be Dishonorably

135; Mixed Local of H. & R. Employees Union v. International Alliance, 212 Minn. 587, 4 N. W. (2d) 771.

[6]Malmsted v. Minneapolis Aerie No. 34, 111 Minn. 119, 126 N. W. 486; Kuhlberg v. National Council, 124 Minn. 437, 145 N. W. 120; National Council v. Turovh, 135 Minn. 455, 161 N. W. 225.

[7]Dewar v. Minneapolis Lodge No. 44, B. P. O. E. 155 Minn. 98, 192 N. W. 358, 32 A. L. R. 1012.

Discharged from our Order. Our decision to be sent to National President. * * *"[8]

That recommendation was presented to the state convention for its action and approval.

Plaintiff had every reason to expect that a recommendation for her discharge would come before the state convention by virtue of her attendance at the May 21 meeting of the advisory council called "to take action in regard to Ina Peters and the land at Anoka." In any event, the plaintiff, upon the trial, admitted that she at all times was fully aware of what lawsuits were referred to in the recommendation presented to the state convention. It is not required that a written specification of charges be presented to the accused member. The notice required in these cases need not be formal. It is sufficient if the accused actually knows of the proceedings and is given a fair opportunity to be heard.[9] Moreover, plaintiff was present when the advisory council's recommendation was read to the state convention, and the record and exhibits show that she was given an opportunity to and did "explain her side of the story." While the hearings were not as full as we would have liked them to be, they did afford the plaintiff, under the circumstances, sufficient opportunity to speak in her own defense. Even though plaintiff claims that she did not receive all the time she desired, the time given to a person who is under consideration for expulsion to speak in her own defense is not solely determinative of the fairness of the procedure. Following the discussion and consideration of the matter by the state convention, the recommendation proposed was approved and passed by a clear majority.

Following defendant's state convention, plaintiff did nothing to prevent her discharge from the organization. No appeal was taken to the national organization, nor did she contact any national officers from the time of the state convention up to the commencement of the national convention held in September of that year. Yet she admitted

---

[8]In April 1946 plaintiff instituted an action in the District Court of Hennepin County against the defendant and another.

[9]National Council v. Turovh, 135 Minn. 455, 161 N. W. 225.

that she was familiar with the organization's rules and procedures and expected that defendant's recommendation would come up before the national convention for its consideration. The recommendation did come before the national convention and, after discussion and consideration, it voted to affirm the action of the defendant. Plaintiff was present at the national convention when the recommendation was considered as well as when the vote was taken and participated at least to some extent therein.[10]

The trial court found that the Anoka County actions were instituted by the plaintiff without previously exhausting her remedy before the defendant department or national organization as required by the quoted rule; also that the notice and hearing accorded the plaintiff prior to her expulsion satisfied the minimum requirements of fairness. We think the evidence sufficiently sustains these findings. Accordingly the judgment must be affirmed.[11]

Affirmed.

---

[10]It is doubtful that plaintiff had any right at the national convention to question the recommendation adopted by the defendant since she failed to appeal from defendant's decision within two months after it was rendered. This latter requirement is specifically set out in the rules and regulations of the organization, c. VII, art. II, § 3, which reads as follows:

"Sec. 3  All appeals shall be taken within two months from the rendering of a decision from which appeal is taken."

[11]Subsequent hearings in this matter were held by the defendant in 1953. However, the district court found that the 1948 hearings were adequate without reference to or consideration of any evidence received concerning the 1953 hearings and, therefore, the latter hearings are immaterial and need not be considered on this appeal.