**Z. Taylor BRANHAM, Appellant,**

**v.**

**The BENEVOLENT AND PROTECTIVE ORDER OF ELKS, LODGE NO. 942, Catlettsburg, Boyd County, Kentucky, Paris Preston, Catlettsburg, Kentucky, Robert Adkins, Catlettsburg, Kentucky, Charles Ross, Catlettsburg, Kentucky, and John Scaggs, Ashland, Kentucky, Trustees, Appellees.**

Court of Appeals of Kentucky.

April 26, 1968.

Mont Walker, Ashland, for appellant.

Thomas E. Phipps, Ashland, for appellees.

J. PAUL KEITH, Jr., Special Commissioner.

Appellant Z. Taylor Branham brought this action in the Boyd Circuit Court for damages against the Benevolent Order of Elks, Lodge 942, Catlettsburg, Kentucky, a fraternal organization and its five trustees, alleging that he had been wrongfully expelled from the organization.

The defendants filed a motion to dismiss on the grounds that no cause of action was stated and that the court had no jurisdiction of the controversy.

Apparently the court had a hearing but the evidence, if any was taken, is not before us.

The appellant filed as exhibits numerous letters to and from the defendants, as well as the by-laws of the order.

The court entered a finding of fact that the Lodge was a voluntary benevolent and fraternal organization with self-governing rules, and that it had withdrawn the hand of friendship and membership from the appellant. There was no allegation of violation of any property rights. The complaint was dismissed.

Appellant appeals, claiming that according to the by-laws it was necessary that he have notice of a meeting at which a member would be expelled, and that another by-law was that the Lodge could not expel a member for a longer period than twelve months. Appellant says he had no notice of the meeting and that he was permanently expelled.

He claims that he has been wronged by the Lodge and brings this suit for damages.

It has long been the policy of the courts throughout the land, in matters of voluntary organizations or associations, to require the litigants to exhaust their remedies within the organization before coming to the courts.

In this case the procedure was set out in detail and appellant "swore" that he would abide by the statutes and rules. There is no claim that they were unreasonable. He failed to exhaust them.

In Kentucky Lodge No. 39, I. O. O. F. v. White, 5 Ky.Law Rep. 418, this court said:

"The courts will not interfere to control the administration of merely voluntary associations or to enforce the rights springing therefrom; but such organizations must be left to enforce their rules and regulations by such means as they may adopt by their government, and no relief will be granted till the remedies within the body have been exhausted."

In Dewar v. Minneapolis Lodge No. 44, Benevolent and Protective Order of Elks, 155 Minn. 98, 192 N.W. 358, 32 A.L.R. 1012, the court said:

"A provision in the laws of a fraternal order that a member shall not appeal to the courts to redress alleged wrongs without first appealing to the tribunals of the order is valid and enforceable."

Appellant states that the above law is good law but it does not apply, because

these cases involve controversies between factions and do not apply between an individual and an organization. With this we cannot agree. It was necessary for the appellant to exhaust his remedies within the framework of the organization before this action.

The judgment is affirmed.

All concur.