ANNA MACKNICK v. SWITCHMEN'S UNION OF NORTH AMERICA.[1]

April 19, 1918.

No. 20,819.

**Mutual benefit insurance — suspension of member during strike — by-law — evidence.**

The membership of defendant corporation is composed of switchmen engaged in the service of some railroad company. The laws of the order provide for the payment of fixed dues and assessments on the first day of each succeeding month and declare a suspension of the member who fails to make such payments. During a strike in which the members of the association were participants, defendant adopted a rule or order by which it was provided that members who were unable to pay their assessments during the strike would be carried by the association upon a written request by the member filed with the secretary of the local council. It is *held* that:

(1) To protect their rights in the association the members were under obligation to pay the monthly assessments as they fell due, or file with the local secretary a request to be relieved therefrom. The failure

[1]Reported in 167 N. W. 351.

to do either would under the laws of the association operate as a suspension of the delinquent member.

(2) The findings of the trial court to the effect that defendant ordered and declared the suspension of decedent in this case, and thereon wrongfully repudiated all liability on the certificate of membership, are not sustained by the evidence.

(3) Kulberg v. National Council K. & L. of S. 124 Minn. 437, distinguished.

Action in the district court for Hennepin county to recover $1,200 upon defendant's benefit certificate. The facts are stated in the opinion. The case was tried before Dickinson, J., who at the close of the testimony denied defendant's motion for a directed verdict and submitted to the jury the special questions: (1) Did Robert T. Macknick fill out, sign and deliver to Mr. Sullivan, the treasurer of Lodge No. 30, the blank described as Form 71? (2) At about what date were such signature and delivery of Form 71 made? The jury gave an affirmative answer to the first question and answered "About March 10, 1910," to the second question. The court then made findings and ordered judgment in favor of plaintiff for $1,177.50. Defendant's motion for amended findings was denied. From the judgment entered pursuant to the order for judgment, defendant appealed. Reversed.

*John Jenswold* and *John D. Jenswold,* for appellant.

*George B. Leonard* and *M. Rose,* for respondent.

QUINN, J.

Defendant is a corporation organized under the laws of the state of New York, and duly licensed to carry on and transact its business in this state. The membership of the organization is composed of switchmen actively engaged in the service of some switching or railroad company. The association maintains a beneficiary department in and by which, in consideration of the payment of certain fixed dues and assessments by the members, financial aid and protection is given them in case of disability, and to the beneficiary named in the certificate of membership in the case of the member's death. The association conducts its business through local lodges, one of which is located in the city of Minneapolis in this state. Applicants are admitted to membership through

the local lodges and all dues and assessments are payable to the officers thereof. Robert T. Macknick joined the Minneapolis local lodge in June, 1902, and thereby became a member of the association, and the usual benefit certificate was issued to him, in which plaintiff, his mother, was named as beneficiary. He continued a member of the association, and, without dispute, in good standing until March, 1910, at which time defendant claims he became suspended from the order by reason of his failure to pay an assessment which fell due on the first day of that month. No payment was then made and none was made thereafter, of which there is no dispute, prior to the decedent's death on November following. On the theory that there was no default in the payment of the March assessment, and the further claim that the failure to pay all subsequent assessments falling due between March first and the time of his death was waived by defendant, this action was brought to recover the amount stipulated to be paid by the certificate of membership, namely, $1,200. Defendant interposed in defense the failure to make the March and subsequent monthly payments, alleging that such defaults operated to suspend the certificate of membership and rendered it of no force or effect.

On the trial certain specific issues were submitted to the jury, all other issues being tried by the court. The court made findings of fact, adopting the special findings of the jury as a part thereof, and ordered judgment in plaintiff's favor for the full amount claimed. After the disposal of a motion for certain amendments of the findings, judgment was entered for plaintiff, from which defendant appealed.

The trial court disposed of the case on the theory that defendant wrongfully suspended Macknick from the order for his alleged failure to make the March payment, and thereafter repudiated any and all liability on the certificate of membership. The court made findings of fact to that effect and followed and applied the rule stated in Kulberg v. National Council K. & L. of S. 124 Minn. 437, 145 N. W. 120. If the findings of the court in the respect stated are sustained by the evidence and there was by defendant an actual wrongful suspension of Macknick from the order and a subsequent repudiation by it of all liability on the certificate of membership, the conclusion of the trial court is sustained by the case cited. But we are unable to find any evidence in the record

which sustains the findings. The constitution and laws of the order definitely fix and determine the amount of dues and assessments to be paid by each member, and require the same to be made on or before the first day of each month; and further that, if the payments be not made at the time so required, the default shall operate as a suspension of the member from all rights in the association. No affirmative action is required on the part of the association to effect such suspension, and none was taken so far as the record discloses in this case to bring about the suspension of Macknick. And it is clear that his suspension resulted from the laws of the order which declare that a default in the payment of the monthly assessments shall have that effect.

It appears that a switchmen's strike was called in the switchyards of St. Paul and Minneapolis where Macknick was employed in November, 1909. Macknick quit the employment of the switching company for which he was at work and joined the strike. The defendant adopted an order in reference to this strike, by which the officers thereof were authorized during the strike period to relieve the members from the monthly dues and assessments when so requested by them in writing, a form of such request being prescribed by the order extending the relief. This relief took the form of a temporary suspension of payment, it being provided that when the strike was over those to whom the relief was extended should pay all back assessments within a reasonable time after resuming work. Macknick accepted the benefits of the order and made request for relief for the month of February, 1910, and it was granted. Of this there is no dispute. It is claimed that he made a similar request for the month of March, and the jury found with him on that claim. It was disputed by defendant. No payment was made by him for that month, and he was noted on the records of the local council, of which he was a member, as suspended. But there is no evidence that he was informed of that record, nor, as heretofore stated, that the association, either the grand or local lodge, took any official action to bring about or declare the suspension. Macknick made no payment or offer to pay the assessments which fell due in April, May, June, July, or up to the time of his death, nor any further requests that the association relieve him from the payments as they fell due. The strike was called off and ended in April, 1910.

The order for the relief of the members had operation and effect only as a proper request came from those who sought the same and were unable to pay their assessments. The requests were required from month to month and to be filed with the local lodge. No requests were made by Macknick after March, and if it be conceded, as it must be under the findings of the jury, that the request to be carried for the month of March protected him and his rights for that month, the record furnishes no excuse for his failure to make the request for the succeeding months. No payments therefore having been made, nor requests filed, his certificate became, by force of the laws of the order, canceled and annulled. And since there was no unlawful suspension as found by the trial court, and no repudiation of the contract by defendant, other than that arising from the lawful automatic suspension resulting from the neglect of Macknick to pay the dues or request the relief, it is clear that Macknick forfeited his rights. In order to keep his certificate in force and to protect his rights thereunder, it was necessary to make the April and other later payments or file the request for relief. This he did not do, and a forfeiture of his rights inevitably follows. In this view of the facts, which is unavoidable, the Kulberg case is not in point.

The findings of the court, therefore, made the basis of its conclusions of law that the defendant waived all payments subsequent to March, are not sustained by the evidence and the judgment thereon cannot be sustained.

Judgment reversed.